249 So.2d 631

**Mrs. Ruby BENTLEY**

v.

**INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY.**

**6 Div. 62.**

Court of Civil Appeals of Alabama.

June 16, 1971.

**16**

J. J. Cockrell, Birmingham, for appellant.

London, Yancey, Clark & Allen and Thomas R. Elliott, Jr., Birmingham, for appellee.

WRIGHT, Judge.

Suit was brought by appellant, Mrs. Ruby Bentley, against appellee, Independent Life and Accident Insurance Company in the Circuit Court of Jefferson County, Alabama. The complaint as amended was in two counts based on the code form for suit on a policy of accident insurance. Upon trial, verdict of the jury was in favor of defendant, appellee. Judgment in accordance with the verdict was entered. Motion for new trial was overruled. This appeal followed.

The allegation of the complaint was that the insured husband of appellant did on the 2nd day of September 1966 sustain bodily injuries through external, violent and accidental means which exclusively and independent of all other causes, caused the death of the insured on to-wit, the 2nd day of September 1966. There was no dispute as to the provisions of the policy or other material averments of the complaint.

It appears from the transcript of the trial that the matter in issue was whether the insured died as the result of an accident occurring on September 2, 1966, or an accident occurring on May 27, 1966.

The evidence on behalf of appellant tended to show that on the morning of September 2, 1966, the insured was at home and started to an outdoor toilet when he slipped and fell down the back door steps. He was helped back into the house by appellant where he sat down in a chair. There was evidence that he had an abrasion or cut on his neck resulting from the fall. After a few moments, he grabbed his leg, stating he was in great pain. He fell to the floor and became unconscious. He became black in the face. He was carried to a doctor's office in Pinson, Alabama, some ten miles away. He was pronounced dead on arrival. There was no autopsy and no medical determination of cause of death. The coroner of Blount County filed a death certificate listing cause of death as coronary thrombosis resulting from a blood clot breaking loose from a crushed heel. The injury giving rise to the crushed heel occurred on May 27, 1966, while the insured was on his job with Dunham GMC Company. Insured had worked only four days prior to his death, since the accident on May 27, 1966.

The evidence on behalf of defendant tended to show that at the time of death insured still had a badly swollen foot from the accident of May 27, 1966, and had complained to appellant that something was sticking in his foot and felt as if it was moving around. On the morning of his death he had decided not to go to work and was going to his doctor because of the pain in his foot from the old injury. Appellee produced a complaint filed by appellant in a Workmen's Compensation suit for compensation for the death of insured. In her sworn complaint, appellant had stated the death of insured resulted from the injury suffered on his job on May 27, 1966. There was also placed in evidence a deposition of appellant taken in the course of the Workmen's Compensation suit in which she stated that insured had suffered no other injury or fall prior to his death, other than that of May 27, 1966.

The policy of insurance sued upon provided that the accident causing death must have occurred within ninety days prior to date of death for benefits to be payable.

The accident of May 27, 1966, occurred more than ninety days prior to insured's death on September 2, 1966.

It thus appears that the material fact for the jury to determine was whether or not death occurred as the result of accident on September 2, 1966, as alleged in the complaint. Obviously, the verdict for defendant indicated that the jury did not find such allegation sufficiently shown by the evidence.

The brief of appellant is extremely difficult to follow in regard to assignments of error argued. There were some 36 assignments of error, including denial of a motion for new trial. There were 21 grounds in the motion for new trial. With all deference to the learned counsel for appellant who wrote the brief and argued the case orally before the Court, we have been able to divine only three distinct points of argument which we can consider addressed to rulings of the trial court. These appear to us to be capable of summary as follows: (a) The verdict and judgment are not sustained by the evidence. (b) Certain evidence on behalf of appellee was improperly admitted after objection by appellant. (c) According to such eminent authorities as Blackstone, Wigmore, King Solomon, St. Paul and the laws of Nature, the verdict and judgment is contrary to justice.

We will consider these three points in order as set out above.

 We will not dispose of point (a) as well we might, by strict adherence to Supreme Court Rule 9. Appellant has failed to set out a summary of the testimony of all witnesses as required by Rule 9 for our consideration of the sufficiency of the evidence to sustain the verdict. In spite of such failure, we have carefully read the transcript of the evidence and find that there are material conflicts in the evidence. Much of such conflicts arise from the fact that appellant in her suit for Workmen's Compensation stated under oath that the insured died as a result of the accident of May 27, 1966. This action culminated in a settlement duly approved by the circuit court in an award of $4830 to appellant as compensation for the death of insured. The effect of this sworn complaint by appellant was augmented by her deposition taken in the course of the same suit. She stated therein that insured had not fallen down any steps nor suffered any other injury prior to his death other than that of May 27, 1966.

Of course these statements, conflicting with her testimony in this trial, were offered in evidence by appellee, and properly so, for the purpose of impeachment and attacking the credibility of appellant. Apparently, her testimony was impeached in the minds of the jury. Conflicting statements and credibility of the testimony of any witness are matters only for the jury's determination. Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246.

Any conflict in the evidence as to a material point in issue, though such conflict arises out of contradictory statements or acts of one's own witness, presents a matter for the jury's determination. It is clear such a conflict existed here and it is the sole province of the jury to resolve such conflict by its verdict.

There was ample evidence to sustain the verdict of the jury in this case.

 (b) The evidence admitted after objection by appellant complained of on appeal was as follows:

"Q And if you had known that there was a contention being made by Mrs. Bentley to that effect you would not have paid the money that you paid to settle the case, would you?

"Mr. Cockrell: Now, I will object to that if the Court please. That's going back into the rehashing of what's already been offered happened, passed over and done with.

"The Court: Overruled.

"Q Would you repeat your answer?

"A No, I would not."

Though a question may be objectionable on proper grounds, if improper specific grounds are given in objection, all other grounds are waived and the trial court will not be placed in error by overruling the objection on the stated grounds. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378.

The grounds of objection offered by counsel are often used in trials to call attention of the court to repetitive and record-burdening testimony. Such objection addresses itself solely to the discretion of the trial judge and fails to inform the court as to any illegality of the solicited testimony under the rules of evidence.

We further call attention of appellant to the fact that the testimony solicited by the question to which objection was directed had already been received in evidence in substantially the same form without objection. The presence in evidence of such prior testimony is made evident by the very form of the objection interposed. Claimed error on appeal may not be predicated upon the admission of evidence over objection, which has been admitted without objection at some prior stage of the trial. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

Our response to appellant's argument (c) presents us much difficulty. Though we recognize the eminent Blackstone as having contributed much to the English Common Law, and to the principles of modern American jurisprudence, we do not feel compelled to always adhere to his pronouncements. Dean Wigmore is without peer in the field of the law of evidence, but his views of the law have changed from time to time. We therefore, in the proper case, would with extreme reluctance, dare to disagree with the wisdom of the eminent Dean.

However, we wish it perfectly clear that this Court would not, and does not, in the instant case or in any case, disagree with, contradict, overrule or dissent from the divine wisdom exemplified in the pronouncements of King Solomon or St. Paul. Neither would we presume to "mess around" with the laws of Nature.

Presuming correct citations of the latter authorities in appellant's brief, since we cannot disagree, contradict, overrule or dissent, the only course left open for this Court in this case is to distinguish upon the facts. We are not sufficiently familiar with the factual situation involved at the time of the statements quoted by appellant in brief from the Book of Proverbs and the Letter of St. Paul to the Church at Corinth, to determine their application to this case. We therefore must respectfully presume them inapplicable to the conditions, obligations, and exclusions contained in a policy of accident insurance.

Having carefully studied the evidence, together with the verdict and judgment below with careful consideration of the errors assigned, we affirm the trial court in all respects.

Affirmed.