This is a child custody case.
The parties were divorced on March 1, 1979. The decree granted custody of the parties' four-year-old daughter to the father and reserved visitation rights in the mother. The decree further provides that the father is to pay the cost of transportation for the child to visit the mother in Baltimore, Maryland three times per year; the child is not to be removed from the State of Alabama except to visit her mother, and the father is to pay the mother's attorney's fee. The mother appeals the award of custody to the father and the father cross appeals.
We affirm.
The mother contends that this case is controlled by the "tender years doctrine." Under this doctrine the courts have generally awarded custody of children of tender years to the mother unless she is found to be unfit. Brown v. Jenks,247 Ala. 596, 25 So.2d 439 (1946); Hammac v. Hammac, 246 Ala. 111,19 So.2d 392 (1944). That doctrine is not a statutory presumption as often believed, but is a judicial concept based upon societal mores in which the mother was the central and dominant figure of the home. The primary responsibility for the care and training of the child, particularly a girl child, was upon the mother. It has been stated that, "It is a well-nigh universal concept that a child of tender years, especially a daughter, requires the care and attention of her mother (emphasis ours), and that the mother, rather than the father is generally the proper custodian if a fit person in that respect." McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457
(1952). We are not so certain that in today's society the "tender years" concept remains "well-nigh universal." However, we are not prepared to discard it as a concept worthy of weight in determining the best interest of a child in a particular case. This court and the author of this opinion do recant the statement made in the case of Hubbard v. Hubbard, 55 Ala. App. 521,525, 317 So.2d 489 (1975), that the tender years concept is a "compelling presumption" upon the court. There is no question but that the age of a child and its sex are matters to be given consideration in determining the proper custodian of a child and its best interest. Williams v. Pope, 281 Ala. 416,203 So.2d 271 (1967). The weight to be given to such facts in each case is for the discretion of the trial court. When that discretion has been exercised after oral hearing, we presume it to be correct even though contrary to what we might have done had we been sitting as a trial court. That presumption is overcome only if we are convinced, after reviewing the evidence, that the court abused its discretion and its judgment is plainly wrong and unjust. Stewart v. Grace, 360 So.2d 1032
(Ala.Civ.App. 1978).
We have carefully reviewed the record and we cannot say that the court was plainly and palpably wrong in its finding that the interests of the child will be best served by placing custody in the father.
The father is a well educated man. He is presently employed as an instructor at the University of Alabama in Birmingham. It appears that he is capable of providing an excellent environment for the child's development. Additionally, the child has been in the custody of the father for over two years and has presumably grown accustomed to her present environment. We find no compelling *Page 1101 
reason to disturb the trial court's decision. By its decree the court has directed the Department of Pensions and Security to maintain observation of the child and report to it.
The father in his cross appeal contends that the trial court erred in requiring him to pay transportation costs for the child's visits with its mother, ordering that he not remove the child from the State of Alabama except to visit its mother, and ordering him to pay the mother's attorney's fee. These are all matters for the sound discretion of the trial court. We find no abuse of discretion in these provisions of the trial court's order.
The wife's request for attorney's fee on this appeal is denied.
The decree of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.