This is a divorce and child custody case.
In the judgment divorcing the parties, custody of two sons, ages seven and four, was given to the mother. The judgment *Page 685 
recited that the evidence presented indicated that neither parent was unfit to have custody of the children and that there was not a clear preponderance of evidence favoring suitability of one parent over the other. Therefore the court determined that the interest of the children would be best served by indulging the "tender years" presumption and granting custody to the mother subject to liberal visitation by the father. The father appeals. The only issue is whether the use of the "tender years" presumption violates the "equal protection" rights of the father.
Though stated in different ways, the "tender years" doctrine is: where a child is of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is presumed to be the proper custodian, unless for some reason she is unfit for the trust. The courts have been especially reluctant to take custody of an infant daughter from the mother unless misconduct is imputed to her. Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392
(1944).
This court has heretofore on at least two occasions considered the contention that use of the "tender age" presumption by a trial court was a denial of equal protection. The premise being that it is a constitutionally impermissible gender-based classification. We have held it not to violate the father's constitutional right to equal protection of the law.Thompson v. Thompson, 57 Ala. App. 57, 60, 326 So.2d 124 (1975);Taylor v. Taylor, 372 So.2d 337 (Ala.Civ.App. 1979), cert.denied, 372 So.2d 341 (Ala. 1979).
The husband contends that our recent decision in Jenkins v.Jenkins, 376 So.2d 1099 (Ala.Civ.App. 1979), cert. denied,376 So.2d 1101 (Ala. 1979); and Clift v. Clift, 346 So.2d 429
(Ala.Civ.App. 1977), cert. denied, 346 So.2d 439 (Ala. 1977) have removed or eroded the application of the "tender years" presumption in this state. It is not correct that we have removed the application of that presumption. We specifically said in Jenkins that we did not "[D]iscard it as a concept worthy of weight in determining the best interest of a child in a particular case." We did recant our statement in a prior case that it was a "compelling presumption" upon the trial court.
The cases of Thompson, Clift and Jenkins have indicate that the doctrine has been diminished in efficacy by societal changes in parental roles. We consider that the "tender years" presumption has never been one of law but rather one of fact subject to rebuttal by evidence of misconduct or unfitness of the mother. Hammac, supra. It is not a classification based upon gender, but merely a factual presumption based upon the historic role of the mother in maintaining and keeping the home, in succoring and caring for the children. Its basis probably goes deeper and lies in the biologic and thus primeval instinctual role of a mother. It is nature's way of propagation. It is observable that a child reciprocates and flourishes in response to the mother's role. If this be a gender classification, it was not made by the state. It is no more than fact recognized by the courts of this state after more than 150 years of experience. It has always been subject to rebuttal by evidence of its absence or abuse. Jenkins,supra.
There was no evidence in this case of abuse of the parent-child relationship in either parent. The court specifically said that neither parent appeared unfit. However, the scales of best interest of the children of tender age tipped in the mind of the court in favor of the mother in light of the tender age concept. We find no abuse of discretion in its conclusion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 686