WRIGHT, Presiding Judge.
This is a child custody case.
The parties were divorced on February 10,1976. The decree by agreement granted custody of the parties’ minor child to the mother, ordered the father to pay child support and reserved visitation rights to the father.
In October 1978 the mother voluntarily transferred custody of the child to the father. She subsequently married again and lived for a time in Texas. On June 14, 1979, the father filed a petition to award permanent custody of the child to him. The child was then four years old.
After an ore tenus hearing the trial court granted the father’s petition. The mother appeals.
The mother raises two issues on appeal. She contends that the so-called “tender years doctrine” establishes in the mother a legal right to custody of a child of tender years which can only be taken away upon a showing that she is unfit. We have previously answered this contention in Jenkins v. Jenkins, 376 So.2d 1099 (Ala.Civ.App.1979); cert. denied, 376 So.2d 1101 (Ala.1979). We see no need to repeat what we said there.
*1127 Alternatively, the mother argues that the father failed to meet his burden of showing a change in circumstances since the divorce decree which affects the welfare of the child. The trial judge heard the testimony in this case orally. He viewed the parties on the stand and in the courtroom. Where this is the case, the judgment of the trial court is presumed correct and will be reversed on appeal only where so unsupported by the evidence as to be plainly wrong and unjust. Stewart v. Grace, 360 So.2d 1032 (Ala.Civ.App.1978).
We have carefully reviewed the record in this case and we cannot say that the trial court was plainly wrong in its finding that the interests of the child will be best served by placing custody in the father.
We find our statements in Jenkins and Stewart dispositive of this case. The trial court’s judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.