This is a child custody case.
When the parties were divorced, the mother was awarded custody of the parties' minor child. About two years later, the parties agreed that the child should live with the father. After the child had lived with the father for about one year, the father petitioned the trial court for a modification of custody, which was granted. The mother appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in modifying the child custody award. We find no abuse of discretion and affirm.
Viewing the record with the attendant presumptions, the following is revealed. The parties were divorced in February of 1977. They had entered into an agreement which gave the mother custody of the parties' 2 1/2 year-old daughter. That agreement was incorporated into the divorce decree.
In the fall of 1977, the mother entered nursing school. She also worked part time while she was in school. During the spring of 1979 the mother was making unsatisfactory grades. The child had been ill with scarlet fever for about two weeks and the mother had to miss school and work during that time to care for the child. There was no evidence that the mother was anything but a good mother.
In April or May of 1979, the parties agreed that it would be better for the child to live with the father, who had remarried. After the father had kept the child for a couple of months, the mother began picking the child up for visits every other weekend.
The child had been living with the father for about one year when the father filed a petition for modification of custody. At the time of the order of modification, the child had been living with the father for about sixteen months.
The father and his present wife attend church regularly and take the child with them. The child is also enrolled in a community kindergarten program.
The father's present wife testified that she shares in the responsibilities of caring for the child. She also testified that she loves the child and would like to keep the child.
As stated above, the dispositive issue in this case is whether the trial court abused its discretion in modifying the child custody award.
The child custody provisions of a divorce decree may be modified if evidence is presented showing a substantial change in conditions since the rendition of the original decree as those conditions pertain to the welfare of the child. Atkinsonv. Atkinson, 45 Ala. App. 428, 231 So.2d 753 (1970). The paramount issue in determining child custody is the best interest of the child. Higgins v. Higgins, Ala.Civ.App.,336 So.2d 194 (1976).
It is well-settled that the determination of custody is a matter addressed to the discretion of the trial court. Dasingerv. Dasinger, Ala.Civ.App., 369 So.2d 813 (1979). The exercise of such discretion after oral hearing of evidence will not be set aside unless it is so contrary and unsupported by the evidence as to appear clearly adverse to the best interest and welfare of the child. Davis v. Davis, Ala.Civ.App.,365 So.2d 80 (1978). *Page 313 
As stated above, the mother was originally given custody of the parties' child. Approximately two years after the divorce, the parties agreed that the child should go to live with her father. The mother relinquished custody of the child at that time.
The child had been living with her father for about sixteen months when the trial court modified the custody award. After an oral hearing, the court stated that the evidence showed that the child had become adjusted to a wholesome home environment with church, school, and neighborhood ties. The court found that the child's adjustment to a new and wholesome environment constituted a material change in circumstances which materially affects the welfare and best interest of the child. The trial court went on to find that it is in the best interest of the child to remain in the custody of her father.
With the above in mind and with emphasis on the child's adjustment to a new and wholesome environment, we cannot say that the trial court abused its discretion in this matter.
We note the mother's contention that she relinquished custody only temporarily when the child went to live with her father and that the parties agreed she would take the child back when she finished nursing school. The father denies that contention. If the trial court had found that the parties had agreed the father would take only temporary custody of the child, a different decision might have been mandated. The trial court, however, apparently was not persuaded by the mother's argument.
Put another way, there was a conflict in the evidence, the mother contending that she gave temporary custody of the child to the father, with the understanding that she would regain custody at such time as she completed nursing school. The father stated that there was no such understanding that he was to have only temporary custody. The trial court resolved the conflict and this court cannot substitute its judgment for that of the trial court. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
The mother also contends that the court erred in modifying child custody in this case because the child is of tender years. We disagree with this contention, as the "tender years" doctrine is no longer a controlling factor in the determination of custody.[1] As stated above, the primary concern in determining child custody is the best interest of the child.Higgins, supra. Although the sex and age of the child are matters to be considered in determining the best interest of the child, the weight to be given such facts in each case is for the discretion of the trial judge. Jenkins v. Jenkins, Ala.Civ.App., 376 So.2d 1099, cert. denied, Ala.,376 So.2d 1101 (1979).
This case is due to be and is hereby affirmed.
The appellant's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that on March 27, 1981, the Alabama Supreme Court inDevine v. Devine, Ala., 398 So.2d 684, stated the "tender years presumption represents an unconstitutional gender-based classification. . . ." As we understand the supreme court's opinion in Devine, the criterion in child custody cases is still the "best interest" of the child.