This is a divorce case.
The wife sought a divorce from the husband. After an oretenus hearing the trial court denied the parties a divorce. Thereafter, within thirty days, the wife filed a Rule 59, A.R.Civ.P., motion to alter, amend, or vacate the court decree, or in the alternative, motion for a new trial. The trial court, in response to the motion, took additional testimony at a hearing on the motion. The divorce was then granted on grounds of irretrievable breakdown of the marriage. Custody of the parties' two minor children was awarded to the wife.
The husband, through able counsel, appeals and pertinently contends the trial court erred in allowing additional testimony at the hearing on the rule 59 motion, and in entrusting permanent custody of the minor children to the wife.
The dispositive issues on appeal are whether the trial court abused its discretion in taking the aforesaid actions. We find no such abuse as to require reversal, and affirm.
We do not deem it necessary nor prudent to set out in detail the pertinent facts.
 I
Rule 59 states:
 "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." (Emphasis supplied.)
Clearly, in this instance, under the language of the rule itself, the trial court's admission of additional evidence was within its discretion. "Rule 59 (a) ARCP provides the court may open the judgment, take additional testimony and enter a new *Page 249 
judgment. Such action is clearly discretionary." Rayford v.Rayford, 390 So.2d 636, 637 (Ala.Civ.App. 1980). See also,Trauner v. Lowrey, 369 So.2d 531 (Ala. 1979); Dale CountyDepartment of Pensions and Security v. Robles, 368 So.2d 39
(Ala.Civ.App. 1979).
We particularly note that the divorce was granted on grounds of irretrievable breakdown of the marriage. There was ample testimony during the original hearing to support a divorce decree on those grounds even though the trial court did not initially grant the divorce.
 II
After an ore tenus hearing, the trial court awarded custody of the two minor children to the mother. The father as indicated appeals, contending the trial court abused its discretion in granting custody to the wife since the wife has admitted committing adultery, and there was no finding of marital misconduct on the father's part.
The moral unfitness of a parent sufficient to deprive her of custody must be such as to have a direct bearing upon the welfare of her child. A parent will not be denied custody for every act of indiscretion or immorality. Gould v. Gould,55 Ala. App. 379, 316 So.2d 210, cert. denied, 294 Ala. 757,316 So.2d 214 (1975). The award of custody of the children is a matter within the discretion of the trial court and will not be set aside unless it is so contrary and unsupported by the evidence as to appear clearly adverse to the best interest and welfare of the child. E.g., Reaves v. Reaves, 399 So.2d 311
(Ala.Civ.App. 1981).
Viewing the record with the attendant presumptions, we find evidence that the wife is a good, loving mother and provided for the needs of her daughters; and that the mother and her youngest daughter are particularly close.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.