This is a child custody modification case.
Willie and Jackie Stoudemire were divorced on January 12, 1981. Two children were born of their marriage. According to the separation agreement which was incorporated into the final decree, the children's mother, Jackie Stoudemire, was given custody of the minor children. Willie Stoudemire, the father, was ordered to pay $120 per month as child support. He was granted reasonable visitation rights.
On May 21, 1982 the father filed a petition in the Coffee County Circuit Court for modification of the custody decree. He alleged a material change in circumstances since the original decree, including poor supervision or care of the children. The mother answered and counterpetitioned for a rule nisi alleging that the father was delinquent in his child support payments.
On November 30, 1982 after an ore tenus trial the court rendered its decree modifying the original decree. The children, a girl and boy, were four and five years old, respectively, at the time of the trial. The court awarded custody of the children to the father and ordered that the mother be given liberal visitation privileges. The court provided a visitation schedule in its decree in the event the parties could not reach an agreement as to visitation. The mother's counterpetition for rule nisi was denied but the court stated:
 "[T]he modification set out in this decree is ONLY to be effective when the [father] pays to the [mother] any child support owed for the month of November 1982. That is the [father] is to have his child support owed to the [mother] current to the date of December 1, 1982; otherwise this decree is of no force and effect."
The mother appeals.
The child custody provisions of a divorce decree may be modified if the evidence shows a substantial change in conditions pertaining to the child's welfare since the rendition of the original decree. Reaves v. Reaves,399 So.2d 311 (Ala.Civ.App. 1981). The burden of showing a material change in circumstances is on the party *Page 587 
seeking the modification. Jenkins v. Jenkins, 395 So.2d 1045
(Ala.Civ.App. 1981). The prevailing consideration in ruling on a motion for change of custody is the best interests of the child. Keith v. Keith, 380 So.2d 889 (Ala.Civ.App. 1980).
The first issue raised by the mother is whether the father met his burden of proving a material change in circumstances affecting the children's welfare so as to justify a change in custody.
The testimony presented at trial showed that since the original decree the father has married a woman with two minor children. He has purchased a home and has continued his employment with the Opp Micolas Mills. The father testified that he attends church. He does not smoke, drink alcoholic beverages, or take drugs.
Further testimony was presented by the father that the mother did not adequately supervise the children. The father stated that his former wife did not always know where the children were. She had sent the boy, age five, into a neighborhood bar or nightclub to make a purchase for her. The father stated, in a deposition which was in the record, that the mother drank alcoholic beverages and smoked marijuana. Since the divorce the mother has had relationships with men characterized by the men staying overnight. Her children were at her apartment when she entertained her overnight guests.
Also presented was testimony that on two occasions when the apartment was broken into, the mother fled to get help but left her children in the apartment. The testimony supports the trial court's modification.
The second issue is whether the trial court erred by admitting, over the objection of the mother, testimony relating to the mother's current circumstances. During cross-examination of the mother, the mother was asked about her current employment status. She objected and argued that no predicate was laid as to her employment situation at and prior to the previous decree. Without such a predicate, she contends, the testimony would be immaterial as tending to show changed circumstances.
We note from our review of the record that the mother, during direct examination by her attorney, stated that she was unemployed. Her attorney then questioned her about her attempts to find employment. Furthermore, testimony was given, without objection, by the father and one of the mother's witnesses that the mother was unemployed. The overruling of objections to testimony already received or subsequently received without objection is not reversible error. Coker v. Ryder Truck Lines,287 Ala. 150, 249 So.2d 810 (1971); Bentley v. Independent Life Accident Insurance Co., 47 Ala. App. 15, 249 So.2d 631
(Ala.Civ.App. 1971). The trial court did not err by overruling the mother's objection in response to the question about her employment.
The mother also argues that the trial court erroneously overruled her objection to a question about whether she fed her male friends when they were visiting. The mother argues that the testimony sought to be elicited was immaterial.
We disagree. As we have already mentioned, the primary concern in a child custody case is the best interests of the child. The testimony given at trial was that the mother's only means of supporting herself and her children were the support payments, food stamps, and an occasional loan from her mother. Obviously, the mother had to operate on a tight budget. The testimony was material as to the environment and care she provided her children. The trial court did not err by hearing such testimony. This case is affirmed.
The mother's request for attorney fees is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 588