This is a divorce case.
Michael Warren Smith, father, and Lynn Pearson Smith, mother, were married June 15, 1974. Two children were born of this marriage, a son, Brian, aged five and a daughter, Erica, aged two and one-half years. At the time of the trial, the father was employed and earning an annual salary of $48,000 plus an additional bonus of several thousand dollars each year. The mother was employed, earning $22,400 annually.
The mother filed for divorce on January 19, 1983, on grounds of incompatibility and irretrievable breakdown of marriage, seeking custody of the minor children, alimony, division of the marital estate, and attorney's fees.
After trial a final judgment of divorce was entered, awarding custody of the children to the father. The court ordered that the father be awarded the use and occupancy of the marital residence pending a sale, all household furniture and furnishings except den furniture, and a sailboat. The mother was awarded a 1982 Buick, den furniture, AT T stock, a sunfish sailboat, $5,000 alimony in gross and $3,000 in attorney's fees. Each party was awarded their respective personal belongings. The mother appeals.
On appeal the mother contends the trial court committed reversible error in awarding custody of the minor children to the father and in the division of marital property.
The trial court's determination of custody is clothed with a presumption of correctness following an ore tenus hearing; therefore we cannot reverse such decision unless there is palpable error or abuse of the trial court's sound discretion.Lowery v. Lowery, 391 So.2d 120 (Ala.Civ.App. 1980). We may not substitute our judgment for that of the trial court. Dismukesv. Dismukes, 376 So.2d 730 (Ala.Civ.App. 1979).
The mother contends the court's decision to deny her custody of the children was based on evidence indicating the mother acted indiscreetly on occasion, rather than a consideration of what was actually in the children's best interest. She submits that she provided the primary care for the children during most of their lives and that the father only recently assumed more responsibility for their care.
While it is true that the moral misconduct of a parent sufficient to deny custody of children must be such as to have a direct bearing upon the welfare of the child, there is no conclusive indication that *Page 383 
the trial court denied the mother custody here for that reason alone. Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, cert.denied, 294 Ala. 757, 316 So.2d 214 (1975). A parent will not be denied custody for every act of indiscretion. Monk v. Monk,386 So.2d 753 (Ala.Civ.App.), cert. denied, 386 So.2d 756 (Ala. 1980).
The evidence tended to show that the mother had been primarily responsible for feeding, clothing and caring for her children. The evidence further disclosed that both parents loved the children and contributed to their education, religious and recreational needs. The record also indicated that though the mother did not neglect the children nor love them less, the father had increasingly become involved directly with caring for them, as the mother's need for her personal growth and independence became increasingly apparent. There was evidence tending to show that the mother had, since the filing of the divorce and immediately prior thereto, begun a course of conduct indicating primary concern with her own pleasure. While she went out to bars with fellow employees, both male and female, after work, the father worked less on his job and more at home with the children. There were clandestine liaisons by the mother with a male fellow employee at motels and in an automobile in the parking lot of the Birmingham zoo. From the descriptions of an observer on these occasions, acts of immorality were reasonably inferable. While the mother was involved in such events, the father was attending the children. The perception of the character of the mother was not improved by the first denial of these acts, with a subsequent admission of their truth.
It must be stated that there was evidence of a close personal relationship of the father with a female employee. However, the mother had been aware of that relationship for some time prior to the separation. There is no indication that it was a factor in the breakdown of the marriage.
It must be recognized that the mother is no longer given the legal presumption of primary right to custody of even small children in event of divorce. Devine v. Devine, 398 So.2d 684
(Ala.Civ.App.), cert. denied, 398 So.2d 686 (Ala. 1980). The polestar in custody matters now is truly the best interest of the child. The one first charged with following that star is the trial judge. He or she is the one closest to the scene and the protector of the children until they become adults. That responsibility is awesome and must weigh heavily upon the bearer. It is in recognition of that burden, that our appellate courts presume that the trial judge, who observed the parties and heard the testimony of the witnesses, correctly discharged his responsibility. In only the instance of clear and palpable abuse of the discretion granted, should a reviewing court on appeal disturb the judgment of the trial judge. Nesmith v.Nesmith, 419 So.2d 247 (Ala.Civ.App. 1982).
The same presumption of correctness attends the judgment for division of property. Coffelt v. Coffelt, 390 So.2d 652
(Ala.Civ.App. 1980). In our view of the record and the liberal right of visitation granted the mother, we find no ground for reversing the award of custody of the children. Neither do we find error in any other part of the judgment.
The parties' respective requests for attorneys fees on appeal are denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 384