Maylene Gabbert Lipsey and T. Coleman Lipsey were married May 14, 1966 and lived together as husband and wife until February 1983. There were four children born of this marriage: T.C. Lipsey, Jr., David Lipsey, Amy Lipsey, and John Lipsey.
Mrs. Lipsey filed a complaint for divorce on February 23, 1983, averring that there had been an irretrievable breakdown of the marriage.
The case was heard in August 1983 and a final decree of divorce was entered on November 7, 1983. Mr. Lipsey was granted the care, custody, and control of the four minor children with certain visitation rights invested in Mrs. Lipsey. Thereafter, Mrs. Lipsey perfected this appeal.
Mrs. Lipsey's sole argument is that the trial court abused its discretion in awarding custody of the minor children to Mr. Lipsey. It is well-settled law in Alabama that when evidence in a custody matter is presented ore tenus the finding of the trial court is presumed correct. Moreover, the trial court's determination will not be disturbed absent an abuse of discretion. Rosser v. Rosser, 355 So.2d 717 (Ala.Civ.App. 1977). That presumption, however, may be overcome by the absence of material evidence supporting the finding. McRight v.McRight, 444 So.2d 869 (Ala.Civ.App. 1984).
Mrs. Lipsey contends that there is an absence of evidence to support the trial court's finding and that the trial court misapplied the law to the facts. She says that the correct legal standard to be applied in awarding the custody of children in an original divorce proceeding is that enumerated in Ex parte Devine, 398 So.2d 686 (Ala. 1981). We agree. TheDevine case sets out certain factors for consideration by a trial court in making a custody determination, which include the following: (1) sex and age of the children; (2) their emotional, social, moral, material, and educational needs; (3) the respective home environments offered by the parties; (4) the characteristics of those seeking custody, including age, character, stability, mental and physical health; (5) the capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the children; (6) the interpersonal relationship between each child and each parent; (7) the interpersonal relationship between the children; (8) the effect on the child of disrupting or continuing an existing custodial status; (9) the preference of each child, if the child is of sufficient age and maturity; (10) the report and recommendation of any expert witnesses or other independent investigator; (11) available *Page 1097 
alternatives; and (12) any other relevant matter the evidence may disclose.
The evidence shows that Mrs. Lipsey had an adulterous affair for about two years prior to the divorce. There were many instances of very lengthy telephone conversations between Mrs. Lipsey and her alcoholic paramour. The telephone calls were made from various places, including telephone booths. On many occasions several of Mrs. Lipsey's children were present when she called her lover. Mrs. Lipsey's telephone bills for calls to her lover ran into the hundreds of dollars and consumed much time.
Mrs. Lipsey admitted that she and her lover had discussed marriage and the possibility of her living in Atlanta, Georgia with him.
The evidence also shows that for about two years prior to the divorce hearing, which is also the period when Mrs. Lipsey was involved with her paramour, most of the cooking and other household chores were performed by Mr. Lipsey and the children. Moreover, during this time Mr. Lipsey was the parent most concerned with the children's care and religious nurture. It appeared from the record that Mrs. Lipsey spent many hours each day at her sister's home where she prepared meals for her sister and made telephone calls to her lover.
The record reflects that Mr. Lipsey neither smokes nor drinks alcoholic beverages, and that he had not been an adulterer. Mr. Lipsey is responsible for taking the children to school, takes them to church and attempts to instill in them proper moral values, and he disciplines them when necessary.
Mrs. Lipsey argues that adultery alone is insufficient to deprive her of the custody of her children. In Etheridge v.Etheridge, 375 So.2d 474 (Ala.Civ.App. 1979), we said that "acts of adultery do not bar an award of custody to the mother." But we also said in that same case that the adulterous conduct of the mother is a factor to be considered by the trial court in determining which parent shall have the custody of his or her child. In the case at bar, we do not believe that the trial court relied solely on the evidence of misconduct of Mrs. Lipsey to place the custody of the children with the father. However, we do believe that the trial court considered the evidence of Mrs. Lipsey's misconduct in making its decision relative to the proper custodian of the parties' children.
When the factors enumerated in Ex parte Devine are applied to the facts of the instant case, it readily appears that Mr. Lipsey is the better qualified custodian. He is the parent who was providing the bulk of the physical, social, educational, and religious needs of the children at the time of the hearing and for about two years prior to it, whereas the mother was concerned primarily with seeing and talking to her lover. She was even considering marrying her paramour, an alcoholic, and living with him in Atlanta. Such an occurrence would not have been in the best interests of the children, and the trial court could have so found.
After carefully considering the evidence in the record before us, we are unable to say that the trial court abused its discretion in awarding the children's custody to the father.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.