This is a divorce and child custody case.
Gary L. West and Vickie L. West were married on June 19, 1981 while Vickie was still in high school. Gary had finished high school in 1979. One child, Brandon, was born of the union. On November 24, 1983, after an altercation at the West home the previous night, Vickie took Brandon and left Gary. Vickie left Brandon with her mother. While Vickie was at work Gary went to Vickie's mother's house and took Brandon back. Vickie filed for divorce on November 30, 1983. On December 1, 1983 the trial court entered a temporary order granting Gary temporary custody of Brandon. On December 29, 1983, the court awarded joint custody of Brandon to the mother and father pending a final hearing. The final divorce decree was entered on March 27, 1984. Custody of nine-month-old Brandon was awarded to his mother, and his father was given reasonable visitation privileges. The father appeals. *Page 612 
The sole issue on this appeal is whether the trial court, as contended by the father, arbitrarily awarded custody of the child to its mother just because she was the mother.
The tender years presumption — that young children are prima facie better off with their mother in a divorce action — is no longer constitutionally permissible. Ex parte Devine,398 So.2d 686 (Ala. 1981); Smith v. Smith, 448 So.2d 381 (Ala.Civ.App. 1984). However, the sex and age of the child are factors the trial court can consider, along with such other factors as the capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the child, in determining custody awards. Robertson v.Robertson, 415 So.2d 1085 (Ala.Civ.App.), cert. denied,415 So.2d 1089 (Ala. 1982) (Maddox, J., concurring). The weight to be given to these and all other relevant factors is in the trial court's discretion. Makar v. Makar, 398 So.2d 717
(Ala.Civ.App. 1981). Of course, the paramount concern of the trial court in child custody matters is the best interests of the child, and all the evidence will be weighed with that concern in the forefront of the trial court's consideration.Smith v. Smith, supra. We disturb the trial court's judgment on appeal only when there is a clear and palpable abuse of its discretion. Lipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App. 1984); Smith, supra.
In the case at bar we find nothing in the record to indicate that the trial court relied solely on the tender years presumption, thereby abusing its discretion. The record reflects that there was a full hearing, with both sides calling witnesses and presenting testimony, and the trial court rendering a decree without any statement as to the basis for its custody decision.
The evidence tended to show that both Gary and Vickie were living with their parents and both required their families' help with caring for Brandon. Both are working.
Vickie admitted to adultery with a coemployee after her separation from Gary. When Gary's family informed Vickie's company of her relationship with her boss, she was moved to another store. While it is not condoned by this court, adultery alone is not necessarily sufficient to deprive Vickie of the custody of Brandon. Lipsey, supra.
Vickie admits that Gary is in better financial condition to care for Brandon. Financial status is also not necessarily determinative. Johnson v. Sparks, 437 So.2d 1308 (Ala.Civ.App. 1983).
The testimony does show, however, that when Gary and Vickie were living together as man and wife Vickie was primarily responsible for providing the care and nurture of Brandon. She fed him, saw that he was clean and properly dressed, and provided for his medical care. While we do not question Gary's feelings for his son, he did little in the way of taking care of Brandon. Thus, there was evidence from which the trial court could have concluded that Vickie was better able to care for Brandon than Gary.
Gary requested that we not consider a letter contained in the record but not considered by the trial court. On appeal we consider only evidence contained in the record that was properly before the trial court.
The judgment of the trial court is affirmed.
Appellee is awarded an attorney's fee in the amount of $350.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 613