This is a divorce case.
Patricia Ann Dockins and Marty Dockins were married on April 8, 1977. They lived together as husband and wife until March 1984. There were two children of this marriage: Corey, age six and Casey, age one.
The father filed a complaint for divorce shortly after the mother moved out of their home. The grounds asserted included incompatibility, irretrievable breakdown, and adultery. As part of his prayer for relief, the father asked for custody of the two children. In her counterclaim, the mother alleged incompatibility and irretrievable breakdown. Prior to the hearing on the merits, custody pendente lite of the two children was awarded to the mother. After an ore tenus hearing, of which no written transcript was made, the trial court granted the divorce and awarded custody of the children to the father. The mother appealed.
The mother asserts two arguments for reversal: first, that the trial court's award of custody to the father constituted an abuse of discretion; second, the father's failure to allege in his complaint that he was a "fit and proper person to have custody of the children" precluded the trial court from granting such custody.
We find no merit in the latter argument. We say this for no less than three reasons. First, Alabama courts have long recognized that "nicety of pleading in divorce cases is not required." Colburn v. Colburn, 265 Ala. 22, 89 So.2d 531 (1956). Second, with the adoption of the Alabama Rules of Civil Procedure, our courts have recognized that a complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Carter v. Calhoun CountyBoard of Education, 345 So.2d 1351 (Ala. 1977). Such a pleading is to be liberally construed in favor of the pleader. Calvin ReidConstruction Company v. Coleman, 397 So.2d 145 (Ala.Civ.App.),cert. denied, 397 So.2d 149 (Ala. 1981). In short, the Rules of Civil Procedure place substance over form. See Committee Comments, Rule 8, A.R.Civ.P. Finally, we note that, whenever the welfare of children is concerned and the jurisdiction of the court is invoked, a court has inherent power to enter an order for their custody and support. Tcherneshoff v. Tcherneshoff,283 Ala. 700, 220 So.2d 888 (1969). Any pleading which shows upon its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke the jurisdiction. Id. The father's pleading, taken in the context of a divorce complaint, simply asking for custody of the children, was sufficient.
As to the mother's argument that the trial court has abused its discretion, we note that it is well-settled law in Alabama that when evidence in a custody matter is presented ore tenus, the finding of the trial court is presumed correct. Lipsey v. Lipsey,450 So.2d 1095 (Ala.Civ.App. 1984). Such a finding must be affirmed unless *Page 573 
there is palpable error or abuse of the trial court's sound discretion. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App. 1984). Although the best interest of the children is paramount, we may not substitute our judgment for the trial court's. Id.
The mother contends that the trial court based its decision on evidence indicating that she had acted indiscreetly on occasion, rather than on what really was in the best interest of the children.
While it is true that the moral misconduct of a parent sufficient to deny custody of the children must be such as to have a direct bearing upon the welfare of the child, there is no conclusive indication that the trial court denied the mother custody here for that reason alone. Id. A parent will not be denied custody for every act of indiscretion. Id. However, we have stated that the adulterous conduct of a mother can be a factor in the trial court's determination as to which parent to award the custody of the children. Lipsey v. Lipsey, supra;Etheridge v. Etheridge, 375 So.2d 474 (Ala.Civ.App. 1979).
As we deduce it, from what record we have before us and the facts as stipulated to by the parties, the evidence tended to show that both parents loved their children. The mother, during the marriage, had been primarily responsible for the care of the children. The father was the sole breadwinner of the family. Both parents had frequent family interaction with the children. However, it was also indicated that both parents had problems during the marriage. Both parties had on frequent occasions gone out and stayed out late at night. During these times, however, babysitting arrangements were always made for the children. Both parties admitted to the use of alcoholic beverages and marijuana. However, both also profess that they no longer use marijuana. The father has also stopped using alcohol.
As far as caring for the children in the event of a custody award, both parties are gainfully employed. Both also have made provisions for care of the children during working hours. Each proposes the use of their respective families as babysitters. In this area, testimony revealed that the children's grandfather, on the mother's side, was an alcoholic and had at times been drunk or drinking alcohol in the children's presence. Other attacks, which we choose not to publish, were made upon the character of the mother's immediate family. No such attacks were made upon the father's immediate family. Finally, there was also evidence that, prior to the divorce proceedings, the mother had, on at least one occasion, engaged in an adulterous relationship. Such relationship, at the time of the custody hearing, was still ongoing. On at least one occasion, prior to the divorce, it appeared that the mother had entertained her paramour in her home while the children were present. Other acts of indiscretion were inferable from the evidence. We note that the perception of the character of the mother was not improved by her twice denying these acts before finally admitting the truth as to at least the adulterous relationship.
After reviewing the record, given the presumption of correctness and in light of the liberal right of visitation granted the mother, we cannot say that the trial court has abused its discretion. There is ample evidence in the record to support its decision. This judgment is affirmed.
Appellee's request for attorney's fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 574