STEAGALL, Justice.
Rudolph V. Williams appeals from an order denying his motion for new trial.
This case arises from a three-vehicle accident that occurred on December 22, 1984, in Huntsville, Alabama. In April 1985, two suits based on this accident were filed in Madison County Circuit Court. The two actions were later consolidated and tried before a jury. The plaintiffs in these two suits included Crandell, as curator of the estate of Daniel Smith; Walter J. Price, Jr., as administrator of the estate of Kathy Smith, deceased; Norman Orton and his wife Linda Orton; and the Ortons’ insurer, State Automobile Mutual Insurance Company. All plaintiffs sought to recover damages from Williams for his alleged negligence and/or wantonness on December 22, 1984. The jury returned a verdict in favor of all plaintiffs as follows:
Crandell, as curator of the estate of
Daniel Smith $2,500,000
Price, as administrator of the estate of Kathy Smith, deceased $500,000
State Automobile Mutual Insurance Company $30,000
Norman Orton $2,500
Linda Orton $2,500
This appeal involves only the verdicts in favor of Crandell, as curator of the estate of Daniel Smith, and Price, as administrator of the estate of Kathy Smith, deceased.
On the night of December 22, 1984, Williams and his wife were visiting their friends, the Hudsons. While at the Hud-sons’ residence, Williams and Mr. Hudson consumed approximately two-thirds of a four-fifths bottle of Canadian Club whiskey. At approximately 10:00 p.m., Williams left the Hudsons’ residence alone in a 1983 Cadillac. Because of his drinking, the Hudsons and Mrs. Williams had attempted to prevent Williams from leaving the Hudson home. They had also tried to persuade Williams to let his wife drive the car. Williams would not let his wife drive, and she refused to ride with him. A few minutes later, after he left, a three-vehicle accident occurred, involving the Cadillac driven by Williams, a 1978 Volkswagen occupied by Daniel and Kathy Smith, and a 1981 Chevrolet pickup truck occupied by Norman and Linda Orton. The car driven by Williams collided head-on with the car occupied by the Smiths. The impact of this collision threw the Smiths’ car into the Ortons’ lane of traffic. The Ortons’ pickup then struck the Smiths’ car broadside. Williams and the Ortons received minor injuries. Kathy Smith died during emergency surgery. Daniel Smith received several injuries and was comatose at the time of trial. The medical evidence *1269 revealed that it was highly unlikely that Daniel would ever regain any neurological function.
There was sufficient evidence from which the jury could have concluded that the accident was caused by Williams’s negligence and/or wantonness. The evidence showed the point of impact to be in the lane of traffic lawfully occupied by the Smiths’ automobile. After the accident, Williams’s blood alcohol level was tested and found to be .202%, which is slightly more than double the level required for a person to be legally presumed intoxicated in Alabama. However, Williams raises no issue on appeal regarding his intoxication or the test results.
After the accident, Williams was admitted to Huntsville Hospital. He remained there for a period of two weeks, after which he was admitted to Crestwood Hospital for one month for alcohol dependency treatment.
The first argument presented by Williams is that the trial court erred in allowing his records from Crestwood Hospital to be introduced into evidence because the records contained prejudicial and irrelevant evidence.
The record reveals that the first witness called by the plaintiffs was Williams. He testified that he had had a problem with alcohol in the past, and that he had quit drinking in April 1984, but that he had started drinking again in September or October 1984. Williams also testified that he had stayed in Huntsville Hospital for two weeks after the accident, and that after-wards he had participated in an alcohol abuse program at Crestwood Hospital for one month. All of this testimony was received into evidence without objection. Williams’s records from Huntsville Hospital were also introduced into evidence without objection. These records contained statements by Williams’s physicians. One physician stated that Williams had a history of alcohol abuse and marital discord, that Williams was depressed but not suicidal, and that Williams should be in a treatment program for alcohol abuse.
After the Huntsville Hospital records were introduced into evidence, the Crest-wood Hospital records were introduced into evidence over the objection of Williams’s attorney. The Crestwood Hospital records contained information about Williams’s history of drinking, his marital problems, and his depression that was similar to the information in the Huntsville Hospital records.
No reversible error occurs when the trial court overrules objections to testimony or evidence already received or subsequently properly received into evidence. Alabama Power Co. v. Beam, 472 So.2d 619 (Ala.1985); Stoudemire v. Stoudemire, 437 So.2d 585 (Ala.Civ.App.1983). In the instant case, testimony and records concerning Williams’s alcohol abuse, marital problems, and depression were admitted into evidence without objection before and after the Crestwood Hospital records were admitted into evidence. Accordingly, we hold that the trial court did not err in overruling Williams’s objection to the admission of the Crestwood Hospital records.
The second argument presented by Williams is that the trial court erred in denying his motion for new trial because, he says, the verdicts in favor of Crandell, as curator of the estate of Daniel Smith, and Price, as administrator of the estate of Kathy Smith, deceased, are excessive and the result of passion and prejudice.
We are unable to say whether the trial court erred in this regard because the trial court did not state the factors it considered in denying the motion for new trial. See Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). Accordingly, the judgment is affirmed as to all aspects except as to the amount, and the cause is remanded for the trial court to enter an order consistent with the requirements of Hammond v. City of Gadsden.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
*1270 ON RETURN TO REMAND
STEAGALL, Justice.
The trial court’s order on remand denying the defendant’s motion for new trial is affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.