This is an appeal from a divorce decree which awarded custody of the parties' minor son to the mother and further awarded her lump-sum alimony and attorney's fees.
The parties were divorced in March 1987. Pursuant to the decree, custody of the parties' minor child was awarded to the mother, with visitation in the father. The divorce further provided that the father pay $3,600 in lump-sum alimony, as well as the mother's attorney's fees in the amount of $1,400.
The father appeals, asserting that the custody award was not in the child's best interests and should, therefore, be reversed. Additionally, the father maintains that the award of lump-sum alimony and attorney's fees to the mother was not supported by the evidence.
The best interests of the child are always of paramount importance in child custody cases. West v. West, 469 So.2d 610
(Ala.Civ.App. 1984). We reverse the trial court's judgment concerning child custody issues only upon a showing of a clear and palpable abuse of discretion. West, supra.
Among the factors that a trial court considers in reaching a custody determination are the sex and age of the child, as well as each parent's ability to provide for the child's educational, emotional, material, moral, and social needs.West, supra.
The record reveals that both parents love their son. Both the mother and father have jobs and can provide for the child's material needs. Likewise, both appear to have the emotional support of their respective families, which will be beneficial to a single parent.
However, testimony was presented that indicated the mother had the primary responsibility for the child during the parties' marriage. We also note that the mother, although she has the support of her family, is living on her own and wishes to be primarily responsible for raising her child.
The father, on the other hand, lives at home with his mother and appears to depend significantly on his extended family in caring for the parties' son. Consequently, we cannot say that the trial court abused its discretion in awarding the child's custody to the mother.
Finally, the father contends that the trial court's awards of alimony and attorney's fees were in error. With regard to awards of alimony, it is well settled that these awards are discretionary and will not be set aside absent an abuse of discretion. Sharretts v. Sharretts, 408 So.2d 125
(Ala.Civ.App. 1981).
The alimony award in this case was a lump-sum award totaling $3,600 and gave the father the option to pay the award in installments of $100 per month beginning in April 1987.
Alimony may be set up in the form of periodic payments, a lump sum in gross, a specific property award, or as a combination of any or all of these arrangements. Madden v.Madden, 399 So.2d 304 (Ala.Civ.App. 1981). In this case the court awarded alimony in gross and gave the husband the option of paying the total amount over a period of time.
In making an award of alimony in gross, the particular facts of the case must be considered; no mathematical formula exists for determining the amount of the award. Dowdy v. Dowdy,473 So.2d 1091 (Ala.Civ.App. 1985). Factors that may be considered in reaching an award amount include the parties' age and health, the source, value and type of property they own, the length of their marriage, their future prospects, the standard of living to which the parties became accustomed during marriage, their ability to maintain it after divorce, and their conduct. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
The court, in providing for the mother's alimony award, stated that the award would "assist the Plaintiff [mother] in commencing life anew, and making the economic transition from marital status to single livelihood following divorce. . . ." We note that the father's take-home pay is, on the average, several hundred dollars more per month than the mother's. Further, *Page 560 
the father is living with his mother and has no rent expenses. The mother, on the other hand, has rent expenses.
The record also reveals that the parties married before the mother graduated from high school. She immediately left her childhood home for her married home. Thus, as a single parent, she is making a definite transition from dependence to independence, with the added responsibility of a small child. In view of these factors, we fail to find an abuse of discretion in the court's alimony award.
Finally, the father maintains that the court's award of attorney's fees was in error as there was no evidence in the record to demonstrate plaintiff's need for attorney's fees. The allowance of attorney's fees in a divorce case is discretionary with the court. Holmes v. Holmes, 487 So.2d 950
(Ala.Civ.App. 1986). Additionally, the court may make such an award "without proof of reasonableness where the trial court has the entire record before it and determines that the circumstances justify an allowance of such a fee." Ray v. Ray,379 So.2d 627 (Ala.Civ.App. 1980). We find no error here.
The judgment of the trial court is affirmed.
The mother's request for an attorney's fee is granted in the amount of $400.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.