BRADLEY, Presiding Judge.
This is a child custody case.
Sherry and John Altieri were first married in 1973 and divorced seven months later. Approximately six months after their divorce the couple began living together, and after living together for about one year they remarried. The Altieris were then divorced a second time in 1978. Three to four months after their second divorce, the couple began living together as husband and wife and lived together continuously until their divorce in 1987.
One child, an eleven-year-old daughter, was bom of the marriage. Pursuant to the court’s divorce decree, the father was awarded custody of the child. The mother appeals.
In cases involving child custody, the best interests of the child are of paramount concern. Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App.1985). When evidence concerning custody is presented ore tenus, a presumption of correctness attaches to the trial court’s findings. Dockins. Consequently, we may not reverse absent palpable error or abuse of discretion by the trial court, and, further, we may not substitute our judgment for that of the trial court on custody matters. Dockins.
In making a custody determination, the trial court may properly consider a child’s sex and age. Ex parte Devine, 398 So.2d 686 (Ala.1981). However, other factors should also be examined.
“[T]he court must ... consider the characteristics and needs of each child, including their emotional, social, moral, material and educational needs; the respective home environments offered by the parties; the characteristics of those seeking custody, including age, character, stability, mental and physical health; the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children; the interpersonal relationship between each child and each parent; ... the effect on the child of disrupting or continuing an existing custodial status; the preference of each child, if the child is of sufficient age and maturity; the report and recommendation of any expert witnesses or other independent investigator; available alternatives; and any other relevant matter the evidence may disclose.”
Devine (citation omitted).
We note the following record evidence.
At the time of the divorce the child was living with her father. She had been living with him since the start of the school year. In school the child makes very good grades and is a part of the school’s gifted student program.
Testimony indicated that approximately one week before school started — while the child was living with her mother — the child was not going to bed until as late as 4:00 a.m. Then, when given the choice of which parent she preferred living with, the child chose her father.
Although the child arrives home from school every day at approximately 3:45 *863 p.m. and her father does not get home until about 4:30 p.m., the child's aunt lives only one hundred and twenty yards from the father’s house trailer. The father testified that the child uses this time in the afternoon to do her school work.
When the father and child moved into the house trailer that had been the father and mother’s marital residence, the mother had allowed several of the monthly payments connected to the trailer’s upkeep to fall behind. Further, the husband testified he had to renew the insurance on the trailer.
Testimony also indicated that on one occasion the mother had left the child locked in a car so that the mother could visit with her boyfriend. Although the father was also seeing someone, the evidence did not indicate any neglect by the father as a result of the relationship.
The mother maintains in brief that the trial court’s custody decision fails to reflect the fault of the husband leading to the parties’ divorce. Although the husband admitted to occasions of adultery, Alabama law does not prevent a trial court from awarding custody to an offending parent because the court finds adultery on the part of that parent. Hubbard v. Hubbard, 55 Ala.App. 521, 317 So.2d 489 (Ala.Civ.App.), cert. denied, 294 Ala. 759, 317 So.2d 492 (1975). Certainly, adultery by a parent may enter the court’s custody decision, but custody will not be denied for that reason alone. Dockins, supra. We also note that no finding of fault is reflected in the court’s divorce decree.
In view of the totality of the record evidence and the controlling standard of review, we fail to find the trial court’s judgment was plainly or palpably wrong. Consequently, the judgment of the trial court is affirmed.
Husband’s request for an attorney's fee on appeal is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.