586 So.2d 944 (1991)
J.S.
v.
D.S. and F.S.
2900229.
Court of Civil Appeals of Alabama.
July 26, 1991.
Cynthia T. Garrison, Anniston, for appellant.
Michael D. Mastin, guardian ad litem.
T. Boice Turner, Jr., Anniston, for appellees.
THIGPEN, Judge.
This is a child custody case.
There were two children born of this marriage, one in 1985 and the other in 1987. The parents separated in May 1988 and the mother moved with the children from their home in Oregon to California. That same year, the mother was arrested for possession of a controlled substance. The mother was in jail for approximately one and one-half weeks, after which she appeared before a judge and the charges were dropped on the condition that she enter a drug rehabilitation program.
*945 During the time the mother was incarcerated, the father and the paternal grandfather, apparently prompted by a call from the mother's relatives, went to California and took the children back to Oregon in order to care for them. Shortly after returning to Oregon, the father filed a petition in Oregon for a legal separation from the mother and for custody of the children. He was awarded a default judgment for separation and custody. The father and the two children lived with the paternal grandparents in Oregon.
At this point, the father, who had his own drug problem, was attending a drug rehabilitation program. In 1989, the father began using drugs again and left his parents' house without taking the children with him. The paternal grandparents filed for and were granted letters of guardianship for the children in Oregon, and the children have resided with them since that time. Later that year, the paternal grandfather was transferred to Anniston, Alabama, where he filed this action for custody in November 1990 and requested the appointment of a guardian ad litem to represent the children. It is undisputed that the mother has not seen her children since they were taken from California, although she has spoken to them on the telephone. There is evidence of the mother's financial difficulties, which may partially account for her lack of contact with her children.
Following an ore tenus proceeding, the trial court requested that the guardian ad litem for the two children submit a recommendation. The guardian ad litem recommended that custody of the children be granted to the paternal grandparents. The trial court issued an order finding that the mother had relinquished custody and granting custody to the paternal grandparents, subject to the mother's visitation rights. From this order, the mother appeals.
We note at the outset that when child custody matters are decided following a presentation of evidence ore tenus, the court's determination regarding custody will not be reversed absent a showing of abuse of discretion or plain error. Hutchinson v. Davis, 435 So.2d 1303 (Ala.Civ. App.1983).
Further, a presumption of correctness attaches to the trial court's determination concerning custody, and we may not substitute our judgment for that of the trial court. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
The mother contends that she did not relinquish custody of her children. She argues that the trial court erred in that, she says, it ignored the presumption affording a natural parent a prima facie right to custody of her children in a custody dispute with a nonparent.
While it is certainly the case that a natural parent has a prima facie right to the custody of her child, this presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The record indicates that the mother did not see the children at any time while they were living with their grandparents, though it is undisputed that the mother knew where her children were and that for part of that time, she was living in a neighboring state. The mother knew the paternal grandparents had custody of her children, yet made no attempts to regain custody. This evidence supports the trial court's finding that the mother had relinquished custody of her children to their paternal grandparents. As we have noted, we may not substitute our judgment for that of the trial court. Smith, supra.
Given the finding of relinquishment by the trial court, the superior right to custody of the natural parent does not apply in the instant case. McLendon, supra. The correct standard is that the mother must show that a change of custody would materially promote the children's best interests and welfare to the extent that it would overcome the inherently disruptive effect caused by uprooting the children. McLendon, supra.
The record indicates that the grandparents are capable of providing the children *946 with the care that had been sorely lacking until the time of their custody of the children. While there was testimony that the mother has improved her circumstances, she has failed to show that a change in custody would materially promote the welfare and best interest of the children.
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.