BRYAN, Judge,
concurring in part and concurring in the result.
I concur with the main opinion’s analysis of the father’s Rule 10(d), Ala. R.App. P., argument, and I concur with the main opinion insofar as it concludes that the trial court erroneously “absolv[ed] the mother of her burden of proving that the positive good brought about by changing custody to her outweighs the disruptive effects of removing the children from the custody of the father.” 60 So.3d at 917.
I agree with Judge Thomas’s special writing to the extent that the father, as an active-duty member of the United States *920 Army, should not be punished by having custody of the children modified solely because of his deployment to Iraq, However, in this particular case, circumstances existed before the father’s deployment to Iraq that could have served as a basis for a change in custody even if the father had not been deployed. The mother presented evidence indicating that she had addressed those issues, which were not connected to the father’s deployment, while the children were in her custody. Because of the unique procedural and factual circumstances of this case, I think a full consideration of the best interests of the children is possible only by considering the evidence that accumulated both before and after the mother was awarded pendente lite custody of the children. See Tims v. Tims, 519 So.2d 558, 559 (Ala.Civ.App.1987) (“The best interests of the child are always of paramount importance in child custody cases.”). Nonetheless, the mother is still required to meet the burden set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984); thus, she must demonstrate that a material change in circumstances (other than the father’s deployment) has occurred since the entry of the last custody determination, that the change in custody materially promotes the best interests of the children, and that the positive good brought about by the change in custody would more than offset the disruptive effect of removing the children from the father’s custody.