This is a divorce case.
The parties to this proceeding were married on July 30, 1973. Two children, a son and a daughter, were born of this marriage. In September 1984 the husband sought a divorce on grounds of adultery and incompatibility of temperament. The wife counterclaimed, alleging adulterous conduct on the part of her husband and mental cruelty. On February 20, 1985 by order of the Circuit Court of Mobile County the parties were granted a divorce. Husband-father was awarded custody of the two minor children and use of the couple's marital home until such time as the youngest child shall reach nineteen. Wife-mother received reasonable visitation rights and privileges respecting the children and all of her personal effects and belongings.
The dispositive issue argued on appeal is whether the trial court abused its discretion in its award of child custody.
It is well settled in this state that whenever a trial court hears a divorce proceeding ore tenus its findings will be presumed correct. Absent an abuse of discretion, the trial court's determination will not be disturbed. Langford v.Langford, 441 So.2d 962 (Ala.Civ.App. 1983).
The mother contends that the evidence does not support the trial court's child custody award.
The record reveals that the parties to this proceeding began having marital difficulties several years prior to their actual separation. The parties finally separated on August 11, 1984. The testimony is conflicting as to how the separation occurred, i.e. whether the mother voluntarily left the marital home or whether the father ordered her to leave. *Page 43 
There is evidence in the record that the mother had decided that she was a homosexual and that she had begun to devote more and more time to her female lover. As a consequence, the mother was away from home more and more, causing the burden of child rearing to shift to the father.
The evidence shows that the father has very willingly assumed the child caring burden and has done an outstanding job. The children are happy, appear to be well adjusted, and are doing well in school.
In child custody disputes the predominant consideration for the courts is the best interests and welfare of the children.Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980).
In making its determination of where the best interests of a child may lie, the court should be guided by such factors as the sex and age of the children, the respective home environment of the parties, the characteristics of those seeking custody, and the capacity and interest of each parent to provide for the varying needs of the children. Cole v. Cole,442 So.2d 120 (Ala.Civ.App. 1983). In addition, the court should consider the health, safety, and general moral and social well-being of the children to be affected by a custody award. Ex parte Devine, 398 So.2d 686 (Ala. 1981).
The record contains evidence that the mother, besides working, is devoting a great deal of her time to her female lover, who spends the night with her frequently. The mother has also incurred sizeable debts that are unrelated to her ordinary living expenses.
Based on this evidence and the other evidence in the record, the trial court could have reasonably concluded that, at the time of the separation and the trial, the mother's primary concern was not her children but her lover; therefore, the children's best interests would be served by placing their custody with the father. With such a conclusion we find no fault; hence we affirm the judgment of the trial court.
The mother's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.