This is a divorce and child custody case.
Carmen Hall (mother) filed a complaint for divorce against Richard Hall (father) in Mobile County, Alabama on September 15, 1988. The complaint alleged repeated instances of the father's violence toward the mother. The father filed a counterclaim based on the adultery of the mother. After an ore tenus proceeding, the couple was divorced on April 3, 1990. The trial court awarded custody of the couple's two minor children to the father, with visitation to the mother. The mother filed a motion for reconsideration and/or motion for new trial. The trial court denied this motion and the mother appeals.
In a divorce case, where the evidence has been presented ore tenus, the judgment of the trial court will be presumed correct and will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). The primary concern in determining child custody is the best interests of the child.In the Matter of Terry, 494 So.2d 625 (Ala.Civ.App. 1985). To that end, the trial court is given discretion in awarding custody and establishing visitation, and its determination of these matters will not be reversed absent a showing of a clear abuse of discretion. Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986).
At trial, the mother testified that she had engaged in sexual intercourse with another man while she was still married to the father. The mother argues in her brief here that the trial court based its decision on the fact that she had committed adultery, rather than what was really in the best interests of the children.
A parent will not be denied custody for every act of indiscretion; however, the adulterous conduct of a mother can be a factor in the trial court's determination as to which parent is awarded custody of the children. Santmier; see alsoLipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App. 1984). Other factors to be considered include the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments. Exparte Devine, 398 So.2d 686 (Ala. 1981); Bark v. Bark,479 So.2d 42 (Ala.Civ.App. 1985).
The evidence reveals that the mother did engage in an adulterous affair while married to the father. Moreover, during the time the mother was being questioned about her relationship with her paramour, she denied that a photograph taken at the marital house with several people present contained a picture of her paramour. Later she admitted that she had not spoken truthfully about the identity of the person in the photograph.
When the trial court becomes reasonably satisfied that a witness has willfully and corruptly sworn falsely as to matter material to the issues in the case, it may in its discretion reject all of the testimony of that witness. Palmer v. Palmer,289 Ala. 496, 268 So.2d 773 (1972). The trial court could have concluded that the mother's testimony was entitled to little weight in view of her untruthful statements. Additionally, the mother's misconduct was a proper factor for the trial court to consider in deciding which parent should have custody of their children.
The record indicates that both parents are capable of meeting the children's various needs. Both are employed and earn salaries that are adequate to meet the children's expenses. Both parents have made provisions for child care during their working hours. Both testified that they love the children and would be responsible parents.
This evidence suggests that both parents are fit to be custodians of their *Page 471 
children. And, in an initial custody determination, there is no presumption in favor of either party. Crosslin v. Crosslin,494 So.2d 431 (Ala.Civ.App. 1986). However, we believe that the trial court could have found that the mother's misconduct tips the scales in favor of the father being the custodian of the children.
There being evidence in the record to support the trial court's decision, its judgment is affirmed.
The father's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.