This is a child custody case.
Tunisha L. Hall (mother) and Cornelius Hall (father) were married on September 11, 1987. At the time of the marriage, the parties had cohabited for approximately three years, and a child was born to the parties on August 25, 1985.
The parties were divorced by order of the court on March 6, 1990, and custody of the minor child was awarded to the father. Following the denial of the mother's posttrial motions, this appeal was filed. We affirm.
The mother raises two issues on appeal. She first contends that the trial court erred in granting the father custody of the minor child because, she says, such a grant was not in the best interests of the child. She next contends that the trial court erred in refusing to admit into evidence certain exhibits.
Initially, we note that where evidence is presented ore tenus, the trial court's determination is presumed to be correct and will be set aside only if it is plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988). Inherent in this presumption is a recognition that the trial court is uniquely qualified to observe the parties and resolve issues of their credibility. Smith v.Smith, 448 So.2d 381 (Ala.Civ.App. 1984).
Moreover, child custody is a matter resting within the sound discretion of the trial court. Shephard v. Shephard,531 So.2d 668 (Ala.Civ.App. 1988). The primary consideration in an award of custody is the best interests and welfare of the child. Id.
In making such a determination, the trial court may consider a number of factors, including the age and sex of the child and each parent's ability to provide for the child's educational, emotional, material, moral, and social needs. Santmier v.Santmier, 494 So.2d 95 (Ala.Civ.App. 1986).
Finally, in an action between parents involving an initial award of custody, it is well settled that the parties stand on equal footing and that no favorable presumption inures to either. Crosslin v. Crosslin, 494 So.2d 431
(Ala.Civ.App. 1986).
Here, after hearing evidence from both parties, the trial court concluded that the interests of the child were best served by awarding custody to the father. Although there was testimony presented by the mother that the father abused alcohol and had exhibited violence towards her, the father's testimony refuted those allegations. The father also testified that he is *Page 1178 
employed and has an average weekly wage of approximately $200. Furthermore, while the mother is currently renting an apartment occupied by her and her two sons from a previous marriage, the father is the owner of the home that he and the child occupy. He further testified that during the workday, his aunt assists in caring for the child.
While the mother asserts that there was no evidence to support the father's contention that she abandoned the child, we note that the trial court did not base its award of custody on a determination that such abandonment had occurred. Rather, the trial court simply determined from the evidence that the best interests of the child warranted awarding custody to the father.
Our review of the record leads us to conclude that the parties are equally fit persons to be awarded custody of the child. Therefore, "the trial court would not have been in error regardless of whom was awarded custody of the child." Hood v.Wilson, 496 So.2d 76, 77 (Ala.Civ.App. 1986). Consequently, we cannot say that the trial court's award of custody to the father was plainly and palpably wrong.
The wife next asserts that the trial court committed reversible error by refusing to admit certain exhibits into evidence. Those exhibits consisted of court records reflecting pending charges against, and court dates of, the husband. We note, however, that the husband testified to the pendency of those charges. Therefore, even assuming error in the trial court's refusal to admit documents related to those charges, we find such error to be harmless due to the fact that the matters sought to be proved were established by other evidence.See, e.g., Rodgers v. Hill, 453 So.2d 1057
(Ala.Civ.App. 1984).
In view of the above, the decision of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.