This is a child custody case.
Deborah G. Elmore (mother) filed a complaint for divorce from Paul A. Elmore (father) in September 1989. The complaint contained a request that the custody of the parties' two minor children be placed with the mother. Thereafter, the father filed an answer and counterclaim, also seeking custody of the children and further counterclaiming for divorce.
In January 1990 a hearing was held before a special master appointed by the circuit court, after which temporary custody of the children was awarded to the father, with visitation rights granted to the mother. Following an ore tenus proceeding before the circuit court judge in August 1990, the trial court granted a divorce and awarded custody of the children to the father. In response to the mother's post-trial motion seeking a reversal of the award of custody, an award of attorney's fees, and an award of extended visitation, the trial court extended the mother's visitation rights and awarded a fee to her attorney. The mother appeals from the award of custody to the father. We affirm.
The mother contends that the trial court erred in granting the father custody of the minor children because, she says, such a *Page 936 
grant was contrary to the evidence presented and not in the best interests of the children.
At the outset we note that child custody is a matter resting within the sound discretion of the trial court. Sayles v.Sayles, 495 So.2d 1131 (Ala.Civ.App. 1986). A judgment entered after ore tenus proceedings in a child custody case is entitled to a presumption of correctness and will not be reversed absent a clear abuse of the trial court's discretion. Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988); Nicholas v.Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985). The trial court is uniquely situated to observe the parties and resolve issues of their credibility. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990).
It is well settled that the primary consideration in an award of custody is the best interest and welfare of the child.Barnett v. Barnett, 268 Ala. 621, 109 So.2d 717 (1959). In making this determination, the trial court may consider a number of factors, including the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of the parents seeking custody, including their age, character, stability, mental and physical health, and their respective home environments. Santmier v.Santmier, 494 So.2d 95 (Ala.Civ.App. 1986). Further, in an action between parents involving an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either. Hall, 571 So.2d 1176.
In the present case the trial court heard evidence from both parties and concluded that the best interests of the children were served by awarding custody to the father. Upon careful review of the record, we can find no error in the trial court's award. The mother claims that the father places his own entertainment and social pursuits ahead of his regard for his children. She says that frequent arguments with the father during the marriage about his staying out late and going to bars and pool halls contributed to the breakdown of the relationship. She also alleges that this behavior by the father continued after the separation, during the period that he had temporary custody of the children, and that because he frequently arrived home late on weekday evenings, he resorted to employing a succession of babysitters and a day care center to care for the children when he was not home. A private investigator hired by the mother to observe the father's activities following the parties' separation testified that she observed the father arriving home between the hours of 7 and 10 p.m. numerous times during the approximately five-month period of her investigation.
The private investigator also testified that she witnessed an instance of adulterous conduct by the father in his home on one occasion. There was, however, no testimony that the children were in the house on this occasion. The father denies that he has engaged in adulterous behavior. We note here that Alabama law does not prevent a trial court from awarding custody to an offending parent because the court finds adultery on the part of that parent. Hubbard v. Hubbard, 55 Ala. App. 521,317 So.2d 489 (Ala.Civ.App.), cert. denied, 294 Ala. 759, 317 So.2d 492
(1975). While adultery by a parent may enter the court's custody decision, custody cannot be denied for that reason alone. Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App. 1985). We also note that no finding of fault is reflected in the trial court's divorce decree.
The record also reveals that the mother has suffered from certain mental disorders for which she was hospitalized on several occasions between 1987 and 1989. She was last hospitalized for 15 days in 1989 with what was diagnosed as an "acute psychosis." Testimony from witnesses described numerous episodes of delusional behavior by the mother during this period. Also before the trial court, as the father's exhibits, were letters from a hospital official and a physician who had counselled and treated the mother in 1987. Both expressed concern that, at the time, the mother was a threat to harm others, including her children. The father testified to instances of extreme or irrational behavior by the mother and stated that he also felt she posed a *Page 937 
risk of danger to others. However, Dr. Mallory Miree, a psychiatrist who treated the mother following her institutionalization in 1987 and 1989, testified by deposition that he believed the mother's psychosis was "toxic" in origin, specifically attributable to her use of marijuana, and that, in his opinion, she had been cured of the psychosis since she stopped using the drug. Dr. Miree, who has continued to consult with the mother periodically, indicated that he felt the mother no longer presented a physical threat to anyone and was "just as healthy as the rest of us," as long as she did not use marijuana again. There was no evidence that the mother ever harmed her children. There was testimony that the father had also smoked marijuana while the parties were married. However, he testified that he too has since stopped.
The parties moved with their children from Alabama to Corinth, Mississippi, in October 1988, when they were still married. They separated in May 1989, at which time the mother returned to Alabama with the children. However, since June 1989, with the exception of several weeks in late 1989 and early 1990, the children have lived with the father in Corinth. The mother testified that during the marriage she had been primarily responsible for the children and had stayed at home with them in order to prepare meals, clean clothes, and tend to them as they were growing up. Several witnesses testified that the mother was a conscientious mother who was quite close to the children. The parties' younger child (aged 3 at the time of trial) is in day care in Corinth, and the older child (aged 7 at the time of trial) attends elementary school there. The father drops the children off at school but depends on a babysitter to pick them up when school lets out in the afternoon. He testified that it is necessary for him to hire babysitters because his job requires him to be at work until 5:30 or 6:00 p.m. at least three days a week. The father, who is employed as a district manager for an insurance company, testified that in the year prior to the trial his gross income was $59,900. He averred that he was in the process of buying the house in Corinth that he was renting at the time of trial. In an affidavit before the trial court, he stated that the older child had expressed a desire to live with him. He also stated that the children were happy in their schools and neighborhood in Corinth.
In addition to the above, the mother has also contended that the trial court erroneously considered prior testimony from two witnesses for the father who were at the hearing before the special master but were not present at trial. Assuming, without so deciding, that the mother's contention is correct, such error in this instance, in view of the ample evidence presented herein to support the trial court's custody award, would not require reversal. See Rule 45, Alabama Rules of Appellate Procedure; Davis v. Davis, 451 So.2d 316 (Ala.Civ.App. 1984).
We note that the trial court had the benefit of observing the parties and witnesses in this matter. Without this advantage, and in the absence of compelling evidence to the contrary, this court will not disturb the judgment of the trier of fact.Dockins, 475 So.2d 571. Because our review of the record leads us to conclude that the father is fit to be awarded custody of the child, we cannot say that the trial court's award of custody to the father was plainly and palpably wrong. The decision of the trial court is due to be affirmed.
The father's request for an attorney's fee on appeal is granted in the amount of $400.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 938