Steven Hearold and Debra Hearold were divorced on February 20, 1992. The final judgment of divorce awarded the mother *Page 49 
custody of the parties' two minor children, a daughter and a son, whose ages were three years and five years respectively. The father was awarded visitation privileges.
The sole issue the father raises on appeal is whether the trial court committed plain and palpable error by awarding custody to the mother.
The father contends that the best interests of the two minor children would have been best served by granting him custody because of adulterous behavior on the part of the mother.
In an action between parents seeking an initial award of custody, the mother and the father stand on equal footing, and no favorable presumption inures to either parent. Hall v. Hall,571 So.2d 1176 (Ala.Civ.App. 1990). When the trial court makes a determination of custody after an ore tenus proceeding, its judgment will not be reversed absent a clear and palpable abuse of discretion. Elmore v. Elmore, 586 So.2d 935
(Ala.Civ.App. 1991). To be sufficient to deprive the mother of custody, her act of indiscretion or adultery must be such as to have a direct bearing upon the welfare of her children. Nesmith v.Nesmith, 419 So.2d 247 (Ala.Civ.App. 1982).
It would serve no useful purpose to set out in detail the pertinent facts in this case. The record reflects that both the mother and the father are fit to have custody. It is clear that the father loves his children, has fulfilled his obligations as a parent, and would be capable of doing so in the future. It is also clear that the mother loves the children and is capable of fulfilling her obligations as the custodial parent. The record reflects that the acts the father contends the mother committed, which should deprive her of custody, did not occur in the presence of the children and did not affect their welfare.
After careful consideration of the record testimony, we cannot hold that the trial court committed a clear abuse of discretion by awarding custody of the children to the mother. This case is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.