Following an ore tenus proceeding, the parties were divorced, and custody of their two-year-old son was awarded to the father, with the mother receiving visitation rights. The mother filed a postjudgment motion, which was denied, and she appeals.
The mother contends that the trial court's denial of the Madison County Mental Health Center's (MCMHC) motion to quash and for protective order violated 42 U.S.C.A. § 290dd-3. The mother also questions whether her mental state was so clearly in issue as to override the psychiatrist-patient privilege and whether the trial court abused its discretion in admitting evidence of her adolescent treatment.
The father subpoenaed certain medical records of the mother, and the attorney for MCMHC filed a motion to quash, citing as authority § 22-50-62, Code 1975, and 42 U.S.C.A. § 290dd-3. When the matter came on for hearing and after argument of counsel, the trial court entered an order overruling the MCMHC motion to quash and for protective order, citing "the overriding necessity to *Page 620 
hear the issue of the mental state of a party to a custody suit." The trial court's order provided for the taking of the counselor's deposition and discovery.
Section 22-50-62, Code 1975, provides in pertinent part that:
"No employee . . . affiliated with the Alabama department of mental health and mental retardation shall be required to disclose any record, report, case history, memorandum or other information, oral or written, which may have been acquired, made or compiled in attending or treating any patient of said facilities in a professional character, when such information was necessary in order to evaluate or treat said patient or to do any act for him in a professional capacity, unless a courtof competent jurisdiction shall order disclosure for thepromotion of justice. . . ." (Emphasis added.)
Similarly, 42 U.S.C.A. § 290dd-3, reads as follows:
"(a) Disclosure authorization
 "Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to alcoholism or alcohol abuse . . . which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.
". . . .
 "(b)(2)(C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor."
The father's complaint for divorce alleged that the mother was not a fit or "appropriate" person to have the care and custody of the minor child. It further alleged that she had become addicted to the point of becoming a habitual drunkard, resulting in numerous and continuing problems. The mother's mental state was clearly placed in issue regarding custody and the best interests of the parties' minor child. When the issue of the mental state of a party to a custody suit is clearly in controversy, and a proper resolution of the custody issue requires disclosure of privileged medical records, the psychiatrist-patient privilege must yield. Matter of Von Goyt,461 So.2d 821 (Ala.Civ.App. 1984).
The mother also contends that the trial court abused its discretion in admitting evidence of the mother's adolescent treatment. She argues that such evidence was remote and irrelevant. The trial court has wide latitude in determining what evidence it will admit for consideration in deciding the proper custody of a child. Von Goyt. Also, in view of the other evidence before the trial court, we find that such evidence did not injuriously affect the mother's substantial rights. Rule 45, Alabama Rules of Appellate Procedure.
In this action, the mother and the father stood on equal footing with no favorable presumption benefiting either parent.Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App. 1990). Also, when the trial court makes a determination of custody after an ore tenus proceeding, its judgment is presumed correct and will be affirmed when supported by competent evidence, unless shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988).
The record reflects an abundance of competent evidence to support the trial court's award of custody to the father; consequently, its judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.