THIGPEN, Judge.
This divorce case involves only child custody on appeal.
Following an ore tenus proceeding, the Circuit Court of Madison County divorced the parties, divided the properties, and awarded custody of the minor daughter to the mother. The father appeals, arguing that the ore tenus rule does not apply because the evidence is undisputed, and that the award of custody to the mother was unsupported by the evidence and that it was therefore plainly and palpably wrong.
At the outset, we note that in a divorce case, when evidence is presented ore tenus, the determination regarding child custody will be affirmed unless that determination is unsupported by the evidence and is plainly and palpably wrong. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). Inherent in the presumption of correctness regarding that determination “is a recognition that the trial court is uniquely qualified to observe the parties and resolve issues of their credibility.” Hall v. Hall, 571 So.2d 1176, 1177 (Ala.Civ.App.1990).
The father argues that the evidence presented was not materially disputed or in conflict, and, therefore, that the ore tenus rule is inapplicable and that this court should sit in judgment on the evidence de novo. Our thorough review of the record, however, reveals many evidentiary conflicts. The major and most compelling conflict is regarding each party’s claim to be the better parent.
Child custody is a matter resting within the sound discretion of the trial court. Elmore v. Elmore, 586 So.2d 935 (Ala.Civ.App.1991). In an initial determination of custody, the parties are on an equal footing, without a favorable presumption to either, and the primary consideration is the best interests and welfare of the child. Hall, supra. This court presumes that the trial court correctly applied its discretionary authority in determining the best interests of the child, and if the decree is supported by credible evidence, our duty is to affirm. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983).
To recount the facts of this ease would serve no useful purpose. Following our careful review of the entire record, we conclude that the evidence presented would have sustained an award of custody to either party. Both parties had strengths and weaknesses regarding parenting skills. The trial court was in a better position to observe the parties and to consider the best interests of the child. We find no error in the custody determination and will not disturb the trial court’s decision on appeal.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $250.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.