ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court entered a judgment divorcing Jerry H. Hamilton (father) and Mario G. Hamilton (mother). By the terms of the judgment, the father was awarded custody of the parties’ two minor children, and the mother was granted reasonable visitation rights. The mother appeals from the award of custody to the father.
At the outset we note that child custody is a matter resting within the sound discretion of the trial court. Elmore v. Elmore, 586 So.2d 935 (Ala.Civ.App.1991). A judgment entered after ore tenus proceedings in a child custody case is entitled to a presumption of correctness and will not be reversed absent a clear abuse of the trial court’s discretion. Id. Inherent in this presumption is the recognition that the trial court is uniquely situated to observe the parties and to resolve issues of their credibility. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
In an action between parents involving an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either parent. Elmore, supra. It is well settled that the primary consideration in determining custody is the best interests and welfare of the children involved. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). In making this determination, the trial court may consider a number of factors, including, inter alia, the ages and sex of the children and each parent’s ability to provide for the children’s emotional, social, moral, material, and educational needs. Id.
*648 In the present case the trial court heard the evidence and awarded custody of the minor children — a boy and a girl, ages two and three — to the father. It is clear from the evidence presented that, despite circumstances leading to the breakup of the marriage, both parties love their children and have fulfilled their responsibilities as parents. It is equally clear, in view of the relevant factors, that the father is a fit and proper person to have custody and that he is capable of meeting his obligations as the custodial parent.
The mother maintains that the trial court’s award of custody to the father was tantamount to a grant of custody to the paternal grandparents. She alleges that the father, who lives and works in Troy, intends to have the children live with his parents 50 miles away in Montgomery and that it was therefore necessary for the father to meet the standard for custody awards to non-parents in this case.
The father, who was granted temporary custody of the children following the parties’ separation, testified that during the time the children were in his control and care, he frequently sought the aid of his parents in caring for the children. He testified that an arrangement had been worked out whereby the children resided with his parents in Montgomery during his work week, and with him in Troy on days that he was not working. He testified that when the children were staying with their grandparents, he would drive to Montgomery and spend the night with them four or five times a week. While the father stated that he planned to continue such an arrangement in the event he was awarded custody, testimony indicated that the arrangement would only be temporary, that the father had applied for a transfer to a job in Montgomery, and that the father intended to continue commuting between Troy and Montgomery until this transfer was approved. Given these facts, we can see no justification for using a standard other than the one ordinarily applicable in custody actions between parents. See Brown and El-more, supra.
The father testified that he had considered the alternative of placing the children in a day-care facility in Troy, but that he felt it was in the preschool children’s best interests for their grandparents to look after them during the day. The evidence indicated that the father’s parents were responsible people capable of providing for the needs of the children while they were in their care.
We are convinced that the trial court considered the best interests and welfare of the children in the award of custody to the father, and, after examining the record, we can find no abuse of discretion in such an award. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.