Following an ore tenus proceeding in this divorce case, the trial court, inter alia, awarded custody of the parties' minor son and daughter to the father, Dwight Parker. The mother, Rebecca Sue Parker, appeals, contending that the trial court erred in its award of custody to the father.
At the outset we note that child custody is a matter resting within the sound discretion of the trial court.Elmore v. Elmore, 586 So.2d 935 (Ala.Civ.App. 1991). A judgment entered after ore tenus proceedings in a child custody case is entitled to a presumption of correctness and will not be reversed on appeal absent a showing of an abuse of the trial court's discretion. Id. Inherent in this presumption is the recognition that the trial court is uniquely situated to observe the parties and to resolve issues of their credibility.Smith v. Smith, 448 So.2d 381 (Ala.Civ.App. 1984).
In an action between parents involving an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either parent. Hall v. Hall,577 So.2d 469 (Ala.Civ.App. 1990). It is well settled that the primary consideration in determining custody is the best interests and welfare of the children involved. Brown v. Brown, 602 So.2d 429
(Ala.Civ.App. 1992). In making this determination, the trial court may consider a number of factors, including, inter alia, the ages and sex of the children and each parent's ability to provide for the children's emotional, social, moral, material, and educational needs. Id.
In the present case the trial court heard the evidence and awarded custody of the minor children — a girl and a boy, ages eight years and six years respectively — to the father. It is clear from the evidence presented that, despite circumstances leading to the breakup of the marriage, both parties love their children. It is equally clear that the father is a fit and proper person to have custody and that he is capable of meeting his obligations as the custodial parent.
The record reflects that both parents are fit to have custody and that both are capable of meeting the children's needs. The record does reflect some detrimental evidence regarding the mother's personal life; however, a recitation of all the evidence before the trial court would serve no useful purpose in this case. The mother did admit to certain adulterous acts committed during the marriage. While a parent will not be denied custody for an act of indiscretion, the adulterous conduct of a parent can be a factor in the determination as to which parent is awarded custody of the children. Hall, supra.
The mother also contends that the trial court erred in limiting cross-examination of the father's mother concerning her divorce when the father was a child. We find no error in the trial court's ruling as to this issue. *Page 802 
After a review of the videotaped record, we cannot hold that the trial court abused its discretion in awarding custody of the children to the father. The trial court's judgment is affirmed.
The mother's request for an attorney's fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.