ROBERTSON, Presiding Judge.
This is a divorce case, wherein, inter alia, custody of the parties’ two minor children was awarded to the father. The mother appeals. We affirm.
The record reflects that Sheila H. Beck-ham left the marital home with the parties’ two children and on January 20, 1992, filed for divorce from Walter E. Beckham, Jr. Numerous pre-trial motions were filed, primarily concerning the custody of the parties’ minor children. A guardian ad litem was appointed for the children.
An ore tenus proceeding was held on the merits of the case, beginning on April 21, and ending on April 28,1992. On April 28, at the request of the guardian ad litem, the trial court appointed Dr. James F. Chudy, Ph.D., to conduct independent psychological evaluations of the parties. Dr. Chudy was selected based on names submitted to him by the parties. The trial court further ordered that the father have certain visitation rights with the children every other weekend. The children had been in the mother’s custody from the date of the separation until the time of trial, and the father had been allowed only one brief visit with the children during that period of time.
The mother’s posttrial motion to disqualify Dr. Chudy was denied. Numerous other motions and pleadings were filed by the parties and ruled on by the trial court. The record reflects that a report was submitted to the trial court by Dr. Chudy on June 22, although the report itself was not made a part of the record on appeal. On June 25, 1992, the trial court ruled that custody of the minor children would be awarded to the father.
More posttrial motions were filed and another hearing was held on August 13, 1992. At that hearing, the mother amended her *1372 motion for a new trial and presented new evidence discovered during the deposition of Dr. Chudy the previous day. As a result, on August 24, the trial court allowed testimony of Dr. Elizabeth Dany, a witness called by the guardian ad litem.
On September 3, 1992, the trial court entered a final judgment of divorce, wherein custody of the minor children was awarded to the father. A timely notice of appeal was filed by the mother.
The issues presented on appeal concern the trial court’s ultimate award of custody of the children to the father. Specifically, the mother claims that the trial court erred in considering Dr. Chudy’s report, without affording the parties an opportunity to see the report and to challenge its findings. Additionally, she claims that she should have been granted a new trial based on facts submitted to the court, which, she says, cast doubt on the impartiality of Dr. Chudy in his evaluations.
At the outset we note that child custody is a matter resting within the sound discretion of the trial court. Elmore v. Elmore, 586 So.2d 935 (Ala.Civ.App.1991). A judgment entered after ore tenus proceedings in a child custody case is entitled to a presumption of correctness and will not be reversed on appeal absent a clear abuse of the trial court’s discretion. Id. Inherent in this presumption of correctness is the recognition that the trial court is uniquely situated to observe the witnesses and the parties and to resolve issues of their credibility. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
In an action between parents involving an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either parent. El-more, supra. It is well-settled that the primary consideration in the trial court’s determination of custody is the best interests and welfare of the children involved. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). In making this determination, the trial court may consider a number of factors, including, inter alia, the ages and sex of the children, and each parent’s ability to provide for the children’s emotional, social, moral, material, and educational needs. Id.
In the present case the trial court heard voluminous testimony and received extensive evidence concerning the custody of the minor children — two girls, ages four and seven years. It is clear from the evidence presented that, despite circumstances leading to the breakup of the marriage, both parties love their children.
It is unclear from the record whether Dr. Chudy’s report was, in fact, relied upon by the trial court in making a determination of custody. The record, however, reveals substantial evidence to support the trial court’s award of custody to the father without any regard to the report. Consequently, after an examination of the entire record, we cannot hold that the errors complained of by the mother have probably injuriously affected her substantial rights. Rule 45, A.R.A.P.
A recitation of the voluminous facts before the trial court would serve no useful purpose in view of the affirmance of this case. After a careful review of those facts, we cannot hold that the trial court committed a clear abuse of discretion by awarding custody of the children to the father. The judgment of the trial court is affirmed.
The father’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN, J., concurs.
YATES, J., dissents.