This is a divorce case.
Crystal Ann Graham filed a complaint seeking a divorce from James Walter Graham in the Circuit Court of Mobile County on February 5, 1992. Among other things, she sought custody of the parties' three daughters, then aged nine, six, and two, and requested that the father pay child support. The father filed an answer and a counterclaim for divorce, also seeking custody of the parties' three daughters and requesting child support. On March 4, 1992, pursuant to an *Page 964 
agreement between the parties, the trial court issued an order directing that "[c]ustody shall remain status quo pending further order, with the oldest child residing with the father and the two youngest [children] residing with the mother."
Following ore tenus proceedings, the trial court entered a judgment of divorce on May 25, 1993, awarding custody of the parties' three daughters to the father. The mother was granted reasonable visitation, including alternate weekends, four weeks during the summer, and one week during the Christmas holidays. Also, the mother was directed to pay child support in the amount of $291.20 per month. The mother filed a motion to vacate that judgment pursuant to Rule 59, Ala.R.Civ.P., which was denied. The mother appeals.
The mother raises two issues for this court's consideration: (1) whether the trial court erred in failing to award her custody of the two youngest daughters; and (2) whether the trial court incorrectly calculated the amount of the monthly child support obligation that she would owe.
Our supreme court has stated, "In divorce cases . . . where evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court, and will not be reversed on appeal absent a finding that the determination is so poorly supported by the evidence as to be plainly and palpably wrong." Ex parteWalters, 580 So.2d 1352, 1353 (Ala. 1991). This standard recognizes the trial court's unique position to observe the parties and to hear their testimony. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). Moreover, "[w]here the trial court does not make specific findings of fact, it will be assumed that the trial court made those findings that were necessary to support its judgment, unless the findings would be clearly erroneous." Walters, 580 So.2d at 1354.
In an action between parents seeking an initial award of custody, the parties stand on equal footing and no presumption inures to either parent. Hall v. Hall,571 So.2d 1176 (Ala.Civ.App. 1990). The trial court's overriding consideration is the children's best interests and welfare.Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App. 1986). The factors that enter into the court's custody determination include the child's age and sex and each parent's ability to provide for the child's educational, material, moral, and social needs. Tims v. Tims, 519 So.2d 558 (Ala.Civ.App. 1987). Likewise, it is proper for the court to consider the "characteristics of those seeking custody, including age, character, stability, mental and physical health . . . [and] the interpersonal relationship between each child and each parent." Ex parte Devine, 398 So.2d 686, 696-97 (Ala. 1981).
The record indicates that the father has a steady job with the Mobile Police Department, and that while he has had custody of the oldest daughter, he has committed himself to her educational, material, and moral needs. He expressed his love for all three of his daughters, and stated that they have a good relationship with him. The father also testified that he considers himself financially stable and that he could provide a proper moral and educational setting for his daughters.
The mother admitted that she had held three different jobs in the previous 16 months, that she had failed to comply with a pretrial order to pay certain family debts, that she had committed adultery during the course of the marriage, and that she had incurred significant debts on numerous credit cards, all of which were in arrears at the time of the final hearing. The father and the oldest daughter testified that the mother had verbally abused and physically attacked the father in the presence of the children.
Both parties presented testimony as to their fitness to raise their daughters, and it is apparent from this testimony that both parties love their daughters very much. However, in light of the foregoing evidence, we cannot hold that the trial court committed a plain and palpable abuse of discretion in awarding custody of the daughters to the father. See Walters, supra.
We now address the mother's contention that the trial court erred in calculating the amount of child support she was to pay each month. Rule 32(B)(4), Ala.R.Jud.Admin., provides that "[e]xpense reimbursements *Page 965 
or in-kind payments received by a parent in the course of employment . . . shall be counted as income if they are significant and reduce personal living expenses." The Rule 32, Ala.R.Jud.Admin., child support guideline form completed by the trial court shows that it attributed a monthly income of $1,084.63 to the mother. This sum included $368.33 per month that the mother had designated on the affidavit she signed pursuant to Rule 32(E), Ala.R.Jud.Admin., as "free daycare" that she had received from her employment. However, if the mother does not have custody of the children, then the benefit of free daycare from her employment cannot "reduce her personal living expenses." See Rule 32(B)(4). Therefore, we hold that the trial court erred in calculating the amount of the mother's monthly child support obligation.
Based on the foregoing, that portion of the trial court's judgment awarding custody of the parties' daughters to the father is affirmed. However, that portion of the judgment directing the mother to pay child support in the amount of $291.20 per month is reversed, and the cause is remanded for a recalculation of child support without regard to the free daycare available to the mother if she had been awarded custody.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.