Following a hearing, the trial court, on May 3, 1996, divorced the parties on the grounds of incompatibility of temperament, awarding the wife custody of the parties' minor child and "all right, title, interest and possession in and to the house and one acre at 216 County Road 754, Cullman, Alabama." The court ordered the wife to "assume any and all mortgage indebtedness thereon, including the satellite dish, note, and purchase mortgage," and ordered the husband to "execute a quitclaim deed of his interest in said property to the [wife]." The husband appeals, raising two issues: 1) whether the *Page 151 
court erred and/or abused its discretion in awarding the wife title to 216 County Road 754 because that property belongs to the husband's father and is not the marital residence; and 2) whether the court abused its discretion in awarding custody of the child to the wife.
The husband contends that the trial court abused its discretion or otherwise erred in awarding the wife title to real estate belonging to the husband's father. We agree, and we can conclude only that the court made a clerical error and stated the wrong address in its order. At the hearing, the husband testified that he was living in the basement of his parents' house, at 216 County Road 754, Cullman, Alabama. The wife testified that she was living at 609 County Road 765, Cullman County, the marital home of the parties. We reverse that portion of the judgment and remand the case for the trial court to amend its judgment to reflect the correct address of the real property awarded to the wife.
The husband next contends that the court abused its discretion in awarding custody of the parties' then six-year-old son to the wife.
 "A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow."
Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App. 1993) (citations omitted).
 "In an action between parents seeking an initial award of custody, the parties stand on equal footing and no presumption inures to either parent. The trial court's overriding consideration is the children's best interests and welfare. The factors that enter into the court's custody determination include the child's age and sex and each parent's ability to provide for the child's educational, material, moral, and social needs. Likewise, it is proper for the court to consider the 'characteristics of those seeking custody, including age, character, stability, mental and physical health . . . [and] the interpersonal relationship between each child and each parent.' "
Graham v. Graham, 640 So.2d 963, 964 (Ala.Civ.App. 1994) (citations omitted).
The record shows that both parents love their son and that each would be a good custodial parent. Further, both parents work at jobs that have required them to sacrifice time that otherwise could have been spent with their son. Based on the evidence in the record, we cannot say that the trial court abused its discretion in awarding custody to the wife. The record shows, among other things, that the wife is committed to, and is capable of, directly providing critically needed educational support to the child, who is learning-impaired and is having a difficult time in school. Additionally, she has changed her work schedule to allow her more time to spend with her son. On the other hand, the father has had several different jobs in the past few years and his current employment requires him to work indefinite hours.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.