THOMPSON, Judge.
D.L. and R.B.L. were married in 1981. Two children were born of their marriage. In April 1998, the wife sued for a divorce. The parties agreed that the wife should be awarded custody of their daughter, but disputed custody of their minor son.
The trial court entered a divorce judgment in which it made certain factual findings, awarded custody of the children to the wife, and divided the parties’ marital property. In its divorce judgment, the trial court found that the husband was bisexual. The husband filed a post-judgment motion, asking the court to set aside the finding of bisexuality and to alter, amend, or vacate that portion of the judgment giving the wife custody of the son. After conducting a hearing on that motion, the court denied it. The husband appeals the portions of the trial court’s judgment finding him to be bisexual and awarding custody of the son to the wife.
*419 “Where a trial court receives ore ten-us evidence in a divorce case, the judgment of the trial court based on its findings from conflicting evidence is entitled to a strong presumption of correctness. McGiffert v. McGiffert, 627 So.2d 972 (Ala.Civ.App.1993). The trial court’s judgment will be reversed only upon a showing that it is so unsupported by the evidence as to be plainly and palpably wrong. Gibbs v. Gibbs, 653 So.2d 300 (Ala.Civ.App.1994).”
Gann v. Gann, 705 So.2d 509, 510 (Ala.Civ.App.1997).
The husband argues that the trial court’s finding that he is bisexual is not supported by the evidence. The wife alleged that the husband was bisexual. She testified that sometime before the parties separated, she had found a stain or discharge in the husband’s underwear. The trial court examined the underwear but refused to admit it into evidence. The wife offered no opinion as to what had caused the stain in the husband’s underwear. The parties presented no scientific evidence regarding the stain.
The wife acknowledged that she had never observed the husband in any compromising situation with a man. She based her allegation of bisexuality on her assertion that the husband liked to spend time with his friends. However, she testified that the husband “spent the majority of his time [at] home, other than in church,” and said that “usually he was always home.” She testified that “sometimes” on Friday afternoons or Saturdays, if he was not working, he would spend time with his friends; she testified that that occurred “maybe once out of a month.” The wife also testified that the time the husband spent with his friends made her feel insecure.
The trial court based its determination that the husband was bisexual on the evidence summarized above and on what it characterized as the husband’s “attachment to the more feminine-type articles [of furniture].” The husband took the parties’ dining room suite and a kitchen hutch when he moved from the marital home. The husband testified that he took the dining room furniture because it had once belonged to his sister and that he took the hutch because he was still making payments on it.
We recognize the presumption of correctness in favor of a trial court’s findings of fact, especially in a case where the trial court has observed the demeanor of the parties. See Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998). However, in this case, the trial court’s finding of fact regarding sexuality was based entirely on conjecture and speculation. • There was absolutely no direct evidence tending to indicate that the husband was bisexual. Findings of fact based on conjecture cannot be upheld on appeal. Alabama Power Co. v. Foster, 555 So.2d 174 (Ala.1989) (quoting Southern Ry. v. Dickson, 211 Ala. 481, 100 So. 665 (1924)). This court may overturn a trial court’s finding of fact that is unsupported by the evidence. Brown v. Brown, supra. The trial court’s finding that the husband was bisexual was not supported by the evidence. On remand, the trial court is directed to set aside its divorce judgment and to enter an amended judgment that makes no reference to the husband’s sexuality.
The husband also argues that the trial court erred in awarding custody of the parties’ son to the wife. It is well settled that in an initial custody determination the parties stand on an equal footing and no presumption inures in favor of either party. Graham v. Graham, 640 So.2d 963 (Ala.Civ.App.1994); Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986). The “best-interests-of-the-child” standard is applied in an initial custody determination. Ex parte Couch, 521 So.2d 987 (Ala.1988); Whitt v. Peoples, 655 So.2d 1048 (Ala.Civ.App.1995). In making its custody determination, the trial court should consider a number of factors, including the age and sex of the child and each parent’s ability to provide for the child’s emotional, *420 social, moral, material, and educational needs. Parker v. Parker, 628 So.2d 800 (Ala.Civ.App.1993).
It appears that the primary factor upon which the trial court based its custody decision was its finding of fact regarding the husband’s sexuality. “[T]his court reviews judgments and not opinions, and we will affirm a correct judgment on any valid basis, regardless of whether that basis was accepted, or even considered by the trial court.” Cove Properties, Inc. v. Walter Trent Marina, Inc., 702 So.2d 472, 474 (Ala.Civ.App.1997). Aside from the finding of bisexuality, the court had before it evidence that would support the custody award. The parties agreed that the wife was more strict with the son and that she consistently addressed his low grades in school. The record also indicates that the husband has no home of his own. During the pendency of the divorce action, he and the son lived with one of the husband’s relatives during the week and with another relative on the weekends. Also, the husband works a night shift and the son is left with relatives at night while the husband works. The wife testified that she wanted to remain living in the parties’ mobile home. She testified that she was working on a late-afternoon shift, but that two weeks after trial she expected to transfer back to the day shift. She also expressed a preference that the two children remain together. This was an initial custody determination, and the parties were on an equal footing with regard to their claims for custody of the children. Graham v. Graham, supra. We cannot say that the trial court abused its discretion in awarding custody of the minor son to the wife.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.