CRAWLEY, Judge.
Michelle Rogers Headrick (“the mother”) and Jarrod Ward Headrick (“the father”) were married in 1996. They had one child, a son, who was three years old at the time the parties separated in October 2000. In November, the mother and father executed a separation agreement; that agreement was later incorporated into a divorce judgment entered on December 29, 2000. That judgment, pursuant to the agreement, awarded sole physical custody of the child to the mother while vesting the parties with joint legal custody. On January 26, 2001, the father filed what he styled as a “motion to set aside” the divorce judgment. That motion stated as grounds that the custody agreement entered into was not in the best interest of the child and that the father wished to withdraw his consent to the November agreement. The parties, at a hearing on the motion in March 2001, agreed that the divorce judgment would remain final and effective as to all issues except the issues of child custody, visitation, and child support. Those issues were set for a hearing in May. After that hearing, the trial court awarded custody of the child to the father. The mother appeals.
The mother first argues that the trial court lost its jurisdiction to change custody of the child when it failed to rule on the merits of the father’s motion within 90 days of its filing. See Rule 59.1, Ala. R. Civ. P.; Ex parte Johnson, 715 So.2d 783 (Ala.1998). She specifically argues that the trial court must rule on the merits of the motion, not merely assent to reconsider its judgment, within the 90 day period. See Farmer v. Jackson, 553 So.2d 550 (Ala.1989). Although she correctly states the law concerning postjudgment-motion practice, her argument fails because the trial court did grant the motion, and thus considered its merits, within the 90-day period when it set aside the judgment on March 16 insofar as it related to the custody, visitation, and child support issues. The mother appears to argue that the trial court was required to have modified the judgment to award custody to the father within the 90-day period. However, it could not have done so without first having an evidentiary hearing. The March 16 order granted the father the relief he requested, the setting aside of the original custody judgment, which had been based on the parties’ agreement. The fact that the trial court’s order also set an evidentia-ry hearing on the custody, visitation, and support issues does not impact the fact that the motion was ruled upon on the merits.
The mother also argues that the father failed to prove any ground under Rule 59 that would entitle him to have the divorce judgment set aside. Even if the *825 father had failed to prove grounds upon which the trial court could set aside the divorce judgment, we could not reverse the trial court’s judgment. According to the March 16 order and statements made at the May hearing by the mother’s attorney, the parties agreed to have the judgment set aside and to have those issues set for trial. See generally State v. Coheley, 549 So.2d 483 (Ala.1989) (affirming a judgment based on the principle that a party cannot appeal from a judgment to which he has consented).
Finally, the mother argues that the trial court’s custody judgment is not supported by the evidence. Because this was an initial custody determination, where the parties are on equal footing and the trial court must base its decision on what it determines would be in the best interest of the child, Graham v. Graham, 640 So.2d 963, 964 (Ala.Civ.App.1994), our review is very limited. Smith v. Smith, 448 So.2d 381, 383 (Ala.Civ.App.1984) (stating that an appellate court should disturb the trial court’s custody judgment only in cases involving a clear and palpable abuse of discretion).
Although the mother vehemently argues that the evidence established that she was the primary caretaker for the child for the entire three years of his young life, and although the evidence does suggest that the father spent a large portion of his free time pursuing his hobbies of fishing and hunting, we cannot reverse the trial court’s decision in this case even if we may have made a different decision. See Ethridge v. Ethridge, 360 So.2d 1005, 1008 (Ala.Civ.App.1978). The mother did commit adultery, and she became pregnant with her paramour’s child before she separated from the father. See Bates v. Bates, 678 So.2d 1160, 1162 (Ala.Civ.App.1996) (stating that a trial court can consider, among other things, a parent’s character when determining the issue of custody). She and her new husband have relocated to Tennessee, where she admittedly has no family, other than her new husband, to help her. The father has family members nearby who testified concerning their availability and desire to help the father raise the child and to provide child care in the event day care is unavailable or the child is sick. The mother has failed to convince us that the trial court clearly and palpably abused its discretion by awarding custody to the father.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.