MOORE, Judge.
David Anson Havron (“the husband”) appeals from a judgment of the Bessemer Division of the Jefferson Circuit Court (“the trial court”), divorcing him from Donna Parker Havron (“the wife”). The husband challenges the trial court’s award of custody of the parties’ child to the wife, the amount of his child-support obligation, the division of the parties’ property and the marital debts, the award of alimony to the wife, and the denial of his motion to reopen the evidence.

Procedural History

On August 4, 2010, the wife filed a complaint for a divorce from the husband. On *478 September 9, 2010, the husband filed an answer and a counterclaim for a divorce. The case was tried on February 21, 2012. On April 5, 2012, before a divorce judgment was entered, the husband filed a motion to reopen the evidence and to allow the child to testify. He alleged, among other things, that the wife had decided to move to a high-crime area in the “South-side” area of Birmingham and that the child had indicated that he wanted to live with the husband. The trial court entered a judgment on June 5, 2012, divorcing the parties; awarding the parties joint legal custody of the child and the wife primary physical custody; awarding the husband specified visitation; ordering the husband to pay $408 monthly in child support; ordering the husband to pay the child’s private-school tuition for the 2011-2012 school year and thereafter if the husband chooses to send the child to a private school; ordering the husband to pay for medical insurance for the child; awarding the husband the marital home and ordering the husband to be responsible for the debt associated with the marital home; awarding the husband a beach condominium; dividing the parties’ motor vehicles and ordering the husband to pay the debt associated with all those vehicles; ordering the husband to pay the wife $136,000, representing one-half the equity in the marital home, the beach condominium, the retirement accounts, and the business assets, less the amount of the wife’s portion of the marital debt; ordering the husband to pay $700 per month in periodic alimony for 60 months; reserving the issue of periodic alimony after 60 months; dividing the parties’ personal property; and ordering the husband to pay the remainder of the marital debts.
On June 26, 2012, the husband filed a motion to alter, amend, or vacate the final judgment; that motion was denied by operation of law on September 24, 2012. See Rule 59.1, Ala. R. Civ. P. The husband filed his notice of appeal on November 1, 2012.

Discussion

I. Child Custody -
On appeal, the husband first argues that the trial court exceeded its discretion in awarding custody of the parties’ child to the wife.
“The standard by which this court reviews an initial award of custody following the presentation of ore tenus evidence is well settled:
“ ‘Alabama law gives neither parent priority in an initial custody determination. Ex parte Couch, 521 So.2d 987 (Ala.1988). The controlling consideration in such a case is the best interest of the child. Id. In any case in which the court makes findings of fact based on evidence presented ore tenus, an appellate court will presume that the trial court’s judgment based on those findings is correct, and it will reverse that judgment only if it is found to be plainly and palpably wrong. Ex parte Perkins, 646 So.2d 46 (Ala.1994). The presumption of correctness accorded the trial court’s judgment entered after the court has heard evidence presented ore tenus is especially strong in a child-custody case. Id.’
“Ex parte Byars, 794 So.2d 345, 347 (Ala.2001).
“ ‘ “This presumption [accorded to the trial court’s findings of fact based on ore tenus evidence] is based on the trial court’s unique position to directly observe the witnesses and to assess their demeanor and credibility. This opportunity to observe witnesses is especially important in child-custody cases. ‘In child custody cases especially, the *479 perception of an attentive trial judge is of great importance.’ Williams v. Williams, 402 So.2d 1029, 1032 (Ala.Civ.App.1981). In regard to custody determinations, this Court has also stated: ‘It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.’ Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996).”
“ ‘Ex parte Farm, 810 So.2d 631, 632-33 (Ala.2001).
“ ‘In a divorce action between two fit parents, where there has been no prior custody determination and neither parent has voluntarily relinquished custody of the child, the “best interest” of the child is controlling; the parties stand on “equal footing” and no presumption inures to either parent. ““‘The trial court’s overriding consideration is the children’s best interest and welfare.” ’ ” Smith v. Smith, 727 So.2d 113, 114 (Ala.Civ.App.1998) (quoting Collier v. Collier, 698 So.2d 150, 151 (Ala.Civ.App.1997), quoting in turn Graham v. Graham, 640 So.2d 963, 964 (Ala.Civ.App.1994)).
“ ‘In considering the best interests and welfare of the child, the court must consider the individual facts of each case:
“ ‘ “The sex and age of the children are indeed very important considerations; however, the court must go beyond these to consider the characteristics and needs of each child, including their emotional, social, moral, material and educational needs; the respective home environments offered by the parties; the characteristics of those seeking custody, including age, character, stability, mental and physical health; the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children; the interpersonal relationship between each child and each parent; the interpersonal relationship between the children; the effect on the child of disrupting or continuing an existing custodial status; the preference of each child, if the child is of sufficient age and maturity; the report and recommendation of any expert witnesses or other independent investigator; available alternatives; and any other relevant matter the evidence may disclose.”
“ ‘Ex parte Devine, 398 So.2d 686, 697 (Ala.1981).’
“Fell v. Fell, 869 So.2d 486, 494-95 (Ala.Civ.App.2003).”
Long v. Long, 109 So.3d 633, 645 (Ala.Civ.App.2012).
In the present case, the wife testified that she had been the primary caretaker of the child and that the husband had stepped up to play an active role in child-rearing only since the divorce action had been filed. The husband, on the other hand, testified that he had always been an active parent. The husband admitted that the wife is a good mother. The husband expressed concerns, however, about the wife’s lifestyle, specifically, her drinking, smoking, partying, and socializing with lesbian women. He admitted, however, that the wife had never been convicted of driving under the influence of alcohol or public intoxication, and he did not provide any evidence of how the wife’s conduct had affected the child other than by setting a bad example and the fact that the child did not like the wife smoking. The wife testified that she does not smoke around the *480 child and that she does not drink to the point of intoxication. Further, there was no evidence indicating that the child had witnessed any homosexual behavior. The husband testified that he had witnessed one woman sitting on another woman’s lap and that they had appeared to have been kissing; according to the husband, the child had been home at the time, but, he said, he did not know if the child had been on the deck when and where the activity had occurred. Based on the foregoing evidence, and considering that the evidence was conflicting and that the trial court was in the best position to resolve the conflicts in the evidence, we cannot conclude that the trial court exceeded its discretion in awarding the wife primary physical custody of the child.

II.Inherited Property

The husband next argues that certain inherited funds were impermissibly considered by the trial court as marital property. Section § 30-2-51(a), Ala.Code 1975, provides, in pertinent part:
“[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
“The trial judge is granted broad discretion in determining whether property purchased before the parties’ marriage or received by gift or inheritance was used ‘regularly for the common benefit of the parties during the marriage.’ ” Nichols v. Nichols, 824 So.2d 797, 802 (Ala.Civ.App.2001) (quoting § 30-2-51(a)).
The husband testified that he had inherited funds from his parents and that he had deposited those funds into various financial accounts. Two exhibits were introduced into evidence, one showing where those funds were initially deposited and the other showing what the funds had been used for and in which accounts any remaining funds were located. The notes on those exhibits indicated that some of the inherited funds had been used to obtain a mower, a Ford Explorer sport-utility vehicle, tile for the “den,” a truck, a bed, a mattress for the child’s bed, a loan for the beach condominium, a loan to the wife’s son, a Honda automobile, and a swimming pool. Based on those exhibits, the trial court could have determined that the inherited funds had been regularly used for the common benefit of the parties during their marriage. Thus, we conclude that the trial court did not err if it did, in fact, consider those funds marital property.

III.Child Support

The husband also argues that the child-support order is not supported by the evidence. Rule 32(E), Ala. R. Jud. Admin., specifically provides that a CS^42 form “shall be filed in each action to establish or modify child-support obligations and shall be of record.... ” Although the record does contain Form CS^41 “Child-Support Obligation Income Statement/Affidavits” filed by both parties, the record does not contain a CS-42 form prepared by the trial court as required by Rule 32(E). Although the trial court states in its judgment that its child-support award “is in compliance with the Child Support Guidelines under Rule 32,” we are unable to determine from the record how the trial court calculated the husband’s child-support obligation. Therefore, we reverse the trial court’s child-support award, and we remand this cause for the trial court to enter a child-support award in compliance with Rule 32(E).

IV.Division of Property and Award of Alimony

The husband argues that the award of alimony is inequitable because, he says, *481 among other things, it would cripple him considering his other expenses, including his child-support obligation. Because we are reversing the trial court’s judgment with regard to the husband’s monthly child-support obligation, the amount of which is a consideration in determining whether the husband’s expenses exceed his income, we also reverse the award of alimony for the trial court to reconsider it in light of the determination of the husband’s child-support award on remand. See, e.g., Flores v. Flores, 978 So.2d 791 (Ala.Civ.App.2007) (noting that an award of child support has bearing on the amount an obligor can afford to pay as periodic alimony). Further, because the division of property and the award of alimony are interrelated, we reverse the trial court’s division of property as well. See J.D.A v. A.B.A.,] 142 So.3d 603 (Ala.Civ.App.2013).
V. Motion to Reopen the Evidence
Finally, the husband argues that the trial court erred in declining to reopen the evidence. “The court’s discretion in granting or refusing to grant a motion to reopen the cause for further testimony is not reviewable except for abuse.” Sutton v. Sutton, 55 Ala.App. 254, 258, 314 So.2d 707, 710-11 (Civ.App.1975). The husband asserts that, because he found out after the trial that the wife was going to move to an allegedly high-crime area, the trial court exceeded its discretion by denying his motion to reopen the case. We note, however, that the wife testified at the trial that, although she was considering moving to one of three areas, she had not made a final decision. Further, the husband did not attach to his motion any evidence in support of his assertion that the area where the wife planned to move was, in fact, undesirable. Based on the foregoing, we cannot conclude that the trial court exceeded its discretion in denying the husband’s motion to reopen the evidence.

Conclusion

Based on the foregoing, we reverse that part of the trial court’s judgment determining the husband’s monthly child-support obligation. We also reverse the trial court’s judgment to the extent that it divided the parties’ property and awarded alimony, and we remand the cause for further proceedings consistent with this opinion. We affirm the trial court’s judgment in all other respects.
The parties’ requests for the award of attorney fees on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.